519 So.2d 1017 (1987)
CITY OF ORLANDO and Gallagher Bassett Insurance Company, Appellants,
v.
John BLACKBURN, Appellee.
No. BR-194.
District Court of Appeal of Florida, First District.
December 9, 1987.
Rehearing Denied January 29, 1988.
Michael B. Wingo of Pitts, Eubanks, Hilyard, Rumbley & Meier, Orlando, for appellants.
Bill McCabe of Shepherd, McCabe & Cooley, Orlando, and Edward H. Hurt, Jr. of Hurt & Parrish, Orlando, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order finding them responsible for medical bills and prescriptions resulting from appellee's industrial accident. We affirm.
On January 25, 1982, appellee injured his ankle in a work-related accident. According to the testimony of his treating orthopedist, Dr. Tucker, he reached MMI around *1018 January 25, 1984. However, his ankle continued to swell and cause pain up until at least September 1986. Although Dr. Tucker did not see appellee from July 21, 1983 until January 6, 1986 when he examined him for an unrelated injury, during that period he ordered eleven prescriptions for appellee for pain medication due, at least in part, to his ankle condition. Until November 1985, appellants paid for appellee's prescriptions but thereafter refused to pay. Dr. Tucker testified that his treatment of appellee during the period from 1983 to 1986 would have been the same whether or not he had seen him personally.
On April 29, 1986, appellee filed his claim particularly seeking payment for the prescriptions. Appellants defended that the statute of limitations had run pursuant to section 440.19(2), Florida Statutes (1981). The statute provides, in pertinent part, that a claim is barred unless it is filed within two years of the last "remedial attention" furnished by the employer. Appellants assert that since the only treatment they furnished to appellee for more than two years prior to the filing of the claim was undisputedly palliative in nature, the above statute of limitations has run and thus appellee's claim is barred.
We decline to interpret the word "remedial" as used in section 440.19 in such a narrow manner to mean strictly curative care to the exclusion of treatment which is not curative but which nevertheless mitigates the conditions or effects of the injury. Such a construction would be contrary to the interpretation given to the phrase "remedial treatment, care and attendance" as used in section 440.13, Florida Statutes (1981), and also would be contrary to the intent of chapter 440, which is to provide an injured worker with appropriate benefits which undisputedly are necessary.
Although we have found no cases dealing specifically with this issue, several cases lend support to our view that the word "remedial" as used in section 440.19 should be interpreted to include all medical treatment or attention which is reasonably necessary to treat a compensable injury or to mitigate its effects or conditions. For example, in Professional Administrators v. Macias, 448 So.2d 1159 (Fla. 1st DCA 1984), the court construed the phrase "remedial treatment, care and attendance" as used in section 440.13(1) in a general, as opposed to an exclusive, sense to include not only strictly curative care, but also palliative treatment which merely mitigates the conditions or effects of the injury. No reasonable basis exists for finding otherwise in regard to the term "remedial" as used in section 440.19 since such a construction of the term does not infringe upon the purpose of the statute of limitations, which is to protect the employer against old claims that can no longer be successfully investigated and defended and to encourage prompt and nonadversarial payment of benefits.
Our ruling in this case does not conflict with the decision in Mahoney v. Sears, Roebuck & Company, 438 So.2d 174 (Fla. 1st DCA 1983), rev. denied, 447 So.2d 887 (Fla. 1984), in which this Court recognized that a claimant "must go through the form of receiving remedial care every two years in order to preserve the right to future benefits." Nothing in that declaration precludes an interpretation of the word "remedial," as used in section 440.19, to include treatment that has been deemed not to be curative but nevertheless mitigates the effects of the injury, such as pain.
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.

ON REHEARING
Appellants' petition for rehearing is denied. In that petition, for the first time, appellants have cited and relied upon the decision in Gonzalez v. Allure Shoe Corporation, 160 So.2d 703 (Fla. 1964). Contrary to appellants' assertion that the Gonzalez opinion conflicts with our decision in the instant case, we find Gonzalez to be harmonious with our conclusion. In Gonzalez, the court merely found, within the facts of that case, that directions for "home treatment," consisting of soaking the arm and taking aspirin for a wrist sprain, did not qualify as "remedial treatment furnished *1019 by the employer" of sufficient magnitude to toll the statute of limitations. That decision in no way conflicts with our decision in this case that the furnishing by the employer of prescription medications to the claimant for the undisputed purpose of mitigating the effects of his injury qualifies as "remedial treatment" for the purpose of the application of section 440.19(2), Florida Statutes (1981).