536 So.2d 310 (1988)
Michael T. THOMAS, Appellant,
v.
JACKSONVILLE ELECTRIC AUTHORITY, Appellee.
No. 88-155.
District Court of Appeal of Florida, First District.
December 16, 1988.
Jack W. Bettman, Jacksonville, for appellant.
Thomas E. Crowder, Jacksonville, for appellee.
SHIVERS, Judge.
The claimant in this workers' compensation appeal injured his lower back in the course and scope of employment in May 1979. Claimant reached maximum medical improvement (MMI) in 1984 and continued to have flare-ups after that time which required palliative care. Dr. Scharf provided that care and prescribed Darvocet-N 100 which is a centrally acting narcotic analgesic agent that Dr. Scharf prescribed for claimant both before and after the date of MMI. Claimant refilled the prescription a number of times between February 18, 1985 and April 15, 1987.
Claimant continued to suffer low back pain and was prescribed the drug Vicodin which he received on May 27, 1987. The employer refused to pay for this prescription and refused to pay for further treatment. A claim for benefits was filed July 7, 1987. The employer/carrier asserted that the statute of limitations, section 440.19(2)(a), Fla. Stat. (1979),[1] had run.
In his order, the deputy commissioner (DC) found the case of Domas v. Food Fair Stores, Inc., 5 F.C.R. 198 (1963) to be *311 controlling. Although that case involved the drug Robaxin, which is a central nervous system depressant and sedative, the DC found that that drug, like the drug involved in the instant case, is used for palliative treatment of musculoskeletal problems and therefore the statute of limitations was not tolled. Relief was denied claimant for this reason and the claimant appealed.
City of Orlando v. Blackburn, 519 So.2d 1017 (Fla. 1st DCA 1987) was decided on December 9, 1987. The instant order is dated December 21, 1987. There is no indication, however, that the DC considered Blackburn which case requires reversal in the instant case.
The DC's denial of the claim in the instant case was based on an understanding that the palliative treatment provided claimant in the form of prescribed medication did not toll the statute of limitations, section 440.19, Fla. Stat. (1979), and thus the period within which the claim could be brought had run. In Blackburn we affirmed the DC's grant of payment for prescribed medication on the ground that "the word `remedial' as used in section 440.19 should be interpreted to include all medical treatment or attention which is reasonably necessary to treat a compensable injury or to mitigate its effects or conditions.... [n]ot only strictly curative care, but also palliative treatment... ." Id. at 1018.
In this case, the prescribed medication received May 27, 1987 tolled the statute of limitations and thus the July 7, 1987 claim for benefits was timely filed.
REVERSED.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] The right to compensation for disability, impairment, or wage loss under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (d) is filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment has been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last remedial treatment furnished by the employer.