577 So.2d 603 (1991)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
FUCHS BAKING COMPANY and John Gandy, Appellees.
No. 89-2711.
District Court of Appeal of Florida, First District.
March 11, 1991.
Rehearing Denied April 30, 1991.
*604 Robert H. Gregory, Coral Gables, for appellant.
Jeffrey C. Fox, North Miami, for appellee/Fuchs Baking Co.
Jerold Feuer, Miami, for appellee/John Gandy.
SMITH, Judge.
Liberty Mutual Insurance Company appeals a worker's compensation order awarding permanent total disability benefits to the claimant. Finding no reversible error, we affirm.
The errors urged by appellant are, briefly: (1) the Judge of Compensation Claims (JCC) erred in denying Liberty Mutual's statute of limitations defense based upon claimant's failure to file his claim within two years after Liberty Mutual's last payment of compensation or medical treatment; (2) the JCC's order is void for "staleness," having been filed twenty-two months after the last hearing; (3) the JCC's order finds an incorrect MMI date; (4) there was an absence of competent, substantial evidence to support the JCC's finding of permanent total disability causally related to his compensable accident; (5) the JCC failed to take into account claimant's complaints from conditions not causally related to his compensable accident in finding claimant permanently, totally disabled; and (6) the JCC erred in making findings relative to the issue of attorney's fees, and appellant was denied the opportunity to present evidence on attorney's fees issues.
The facts are that claimant began working at Fuchs Bakery (then Holsum Bakery) in 1964. In September 1975, claimant suffered a lumbosacral sprain while in the scope and course of his employment. He was hospitalized for forty-three days, during which a myelogram was performed, revealing a disc herniation at L-5, S-1. The claimant received temporary total disability benefits from the employer, through Liberty Mutual, from September 22, 1975, through January 21, 1976. The claimant continued to see the authorized physician, Dr. Acton, at intervals up until early 1980, and again on July 9, 1986. Appellant, the carrier at the time of the industrial accident, paid claimant's disability compensation benefits and Dr. Acton's medical bills through February 5, 1980. Meanwhile, Fuchs Bakery became self-insured on July 30, 1977.
*605 After his release from the hospital, claimant continued to work for Fuchs Bakery at various positions until January 1983. However, during this time, claimant suffered several "flare-ups" of back pain, and was seen by several physicians. He also suffered emotional difficulties which, according to the testimony of two psychiatrists, was attributable to the stress of coping with the pain caused by claimant's 1975 injury. The claimant discontinued working at Fuchs in January 1983 because of intense pain. He thereafter worked for the University of Miami from November 1984 to January 1985 as a janitor, but again stopped work because of back pain.
On May 6, 1983, claimant filed a claim for temporary total or permanent total disability benefits from the date of his accident to the date of the claim, and also sought wage loss, past and future medical care, attorney's fees, and penalties. The claim was filed against both Fuchs Bakery, self-insured, and Liberty Mutual.
Hearings on the claim were commenced on February 9, 1987. Additional hearings were held on April 9, 1987, June 10, 1987, August 25, 1987, and November 12, 1987. The JCC entered an order on September 13, 1989, awarding permanent total disability benefits, with penalties and interest, as well as future medical care costs. These awards were ordered to be paid both by Fuchs Bakery and Liberty Mutual. After consideration of appellant's motion for rehearing, which was denied, this appeal followed.
Considering first appellant's statute of limitations defense, we agree with appellant that under section 440.13(3)(b), Florida Statutes (1975), a claim for remedial attention is barred unless filed within two years after the date of the last payment of compensation, or within two years after the last remedial attention "furnished by the employer." Under section 440.19(1)(a), Florida Statutes (1975), the right to compensation is barred unless a claim is filed within two years after the date of the last payment of compensation or after the date of the last remedial treatment "furnished by the employer." We agree with the claimant and with appellee Fuchs, however, that since the claimant here was treated by authorized physicians within two years of the filing of his claim, for conditions attributable to his 1975 accident, his claim is not barred.
Appellant contends that these payments within the two year period cannot operate to toll the running of the statute because they were made by the employer, Fuchs Bakery, not by Liberty Mutual. We find no merit in this argument. A similar argument was rejected by the court in Iowa National Mutual Insurance Co. v. Webb, 174 So.2d 21 (Fla. 1965). There, the court stated that it mattered not that the payment or benefits were provided by a carrier other than the one responsible at the time of the compensable injury, since the carrier acts only for the employer, the party responsible for furnishing the benefits. Here, although appellant devotes considerable argument to subsequent accidents or injuries suffered by the claimant, the medical testimony clearly establishes that the claimant was treated for conditions attributable to his 1975 injury within the two years prior to the filing of his claim.
Turning next to appellant's "staleness" claim, we agree that on its face a twenty-two month delay in issuing the order appears excessive. However, as pointed out by the claimant, approximately two months after the last hearing in mid-November 1987, the JCC sent an award letter to the parties setting forth his proposed findings and awards. Upon receipt of the letter, Liberty Mutual took exception to its contents and a conference was held, at which time the JCC agreed to conduct a further review of the evidence. Thus, at least a portion of the delay in final entry of the order was due to further consideration requested by the appellant. In addition, the hearings on this claim extended over a period of some ten months, and these proceedings generated a record which required considerable time for the JCC to review.
In the case of Rappaport v. American Hospital, 406 So.2d 1244 (Fla. 1st DCA 1981), this court held that a 284 day interval between the hearing and the entry of *606 the order was excessive, and required a de novo hearing. In that case, we emphasized that where the chief issue is the credibility of the claimant, excessive delay required reversal. In Harrington v. Vida Appliance Corporation, 542 So.2d 1006 (Fla. 1st DCA 1988), the court again emphasized that excessive delay would require reversal where the claimant's own credibility, and that of other live witnesses, was critical to the outcome. Here, appellant has failed to convince us that there were credibility determinations that could have been affected by the delay. Although the JCC relied in part upon observations of claimant's obvious impairment, there was ample undisputed medical and other evidence to substantiate the JCC's findings and conclusions. In sum, although we do not condone the delay that occurred in this case, we find that this proceeding was already long drawn-out in the hearing stages, and we do not believe that grounds have been shown for a de novo hearing.
As for the apparent error in the JCC's finding of the date of MMI, we have found no indication that such error resulted in any prejudice to the appellant. While it is true that the parties did not stipulate to the date of February 2, 1980, as the order concludes, that is the date of MMI as stated by Fuchs Bakery in the pretrial stipulation. Permanent total disability benefits, however, were not awarded from that date, but from the date the claimant last worked for Fuchs Bakery. Lastly, we note that this apparent error was not brought to the JCC's attention in appellant's motion for rehearing, and we are of the opinion that any error in the statement of MMI was harmless. See, Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
With respect to the JCC's finding of permanent total disability, we agree with the argument of claimant and Fuchs Bakery that there is no evidence, medical or otherwise, that any of the subsequent accidents suffered by the claimant caused his permanent total disability. Instead, all the medical evidence attributes the claimant's back condition to the herniated disc resulting from his accident of September 1975. Appellant's argument on this point essentially requests a reweighing of the evidence by this court, which we decline to do. The same conclusion applies to appellant's fifth point in which it is urged that the claimants 1975 accident resulted in injury only to his lower back, while it is apparent that he later had other ailments and complaints which also could have contributed to his loss of wage earning capacity, if any, but which cannot be causally related to his compensable accident.
Finally, with regard to appellant's last point, concerning certain findings with respect to attorney's fees, we agree with claimant that attorney's fees are clearly awardable based upon appellant's controversion of the claim and failure to pay benefits within twenty-one days, as noted in the JCC's order. With respect to other findings, we note that any discussion concerning "bad faith" attorney's fees is irrelevant, since the bad faith provision for attorney's fees was not in existence at the time of the accident in this case. Most significantly, however, we find that any issue with respect to attorney's fees is not ripe for review in this proceeding, since no attorney's fees were awarded by the JCC's order.
For the foregoing reasons, the order appealed is
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.