591 So.2d 304 (1991)
Geraldine DEVILLING, Appellant,
v.
RIMES, INC., d/b/a Toy King; Aetna Casualty & Surety Co.; State of Florida, Department of Health & Rehabilitative Services; and Division of Risk Management, Appellees.
No. 90-3508.
District Court of Appeal of Florida, First District.
December 23, 1991.
*305 James D. DiLorenzo of Sims & DiLorenzo, Ocala, for appellant.
Jonathan D. Ohlman and John E. Dawson of Pattillo & McKeever, P.A., Ocala, for appellees Rimes, Inc. and Aetna Cas. and Sur. Co.
Robert L. Donald and Robert E. Keezel, Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Ft. Myers, for State of Fla., Dept. of Health & Rehabilitative Services and Div. of Risk Management.
PER CURIAM.
The claimant appeals a workers' compensation order by which it was determined that she did not sustain a compensable injury with a new employer, and that the claim against a prior employer was not filed within the time allowed under section 440.19, Florida Statutes. We conclude that the claimant has not demonstrated error with regard to either of these rulings.
The claimant previously sustained an ankle injury which was then accepted as compensable, with the employer at that time providing medical care. When the doctor released the claimant from active care he advised her to use support hose and prescribed shoe inserts for arch support. The doctor also approved the occasional use of a cane and medication for pain or inflammation as needed. More than two years after the last active medical care was provided the claimant experienced further problems with her ankle, and she then filed a claim for additional benefits.
The claimant seeks to extend the two-year limitations period which is now contained in section 440.19(1)(a), Florida Statutes, by arguing that the support hose, shoe inserts, cane, and medication is remedial treatment which was furnished by the employer. The claimant testified that she used these modalities within the two year period immediately before the claim was filed.
Not all medically recommended care is the type of treatment which will extend the limitations period under section 440.19(1)(a). See Gonzalez v. Allure Shoe Corp., 160 So.2d 703 (Fla. 1964). Like the self-help that was medically recommended in Gonzalez, the claimant's occasional atwill use of the various modalities in the present case does not extend the limitations period under the statute. Although the doctor indicated that the claimant should use the shoe inserts on a permanent basis, such use does not thereby become treatment furnished by the employer within the ambit of section 440.19(1)(a). Although continued use of a prescribed back brace extended the limitations period in Fuster v. Eastern Airlines, Inc., 545 So.2d 268 (Fla. 1st DCA 1988), it was emphasized that the employer had actual knowledge of the continued use of the brace in the employment. There was no showing of similar employer knowledge in the present case.
The appealed order is affirmed.
ALLEN, KAHN and WEBSTER, JJ., concur.