596 So.2d 798 (1992)
Freddy TAYLOR, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 91-185.
District Court of Appeal of Florida, First District.
April 8, 1992.
*799 Joseph Hackney, Jr., P.A., Miami for appellant.
Robert A. Ginsburg, Dade County Atty., Douglas W. Rice, Asst. Dade County Atty., Miami, for appellee.
PER CURIAM.
In this appeal of a workers' compensation order, the claimant challenges the denial of his claim for medical benefits. The claim was deemed time-barred by section 440.19, Florida Statutes, because it was filed more than two years after the claimant last received active medical care from his authorized physician. Because the Judge of Compensation Claims (JCC) failed to consider the claimant's use of a prescribed back brace during the two-year limitations period, which use may have been sufficient to toll the running of the statute, we must reverse the JCC's order and remand for further findings.
The claimant sustained a compensable back injury while working for appellee/employer in 1981. After a laminectomy, he treated with Dr. Jaime Wancier, his authorized neurosurgeon. According to Dr. Wancier, the claimant reached maximum medical improvement in July 1982 with a 20% permanent impairment.[1] The claimant returned to Dr. Wancier infrequently for flare-ups, with the last visit coming on January 15, 1987. He did not return for treatment related to his industrial accident until after March 1989, when he filed the instant claim for treatment from Dr. Wancier.[2]
In denying the claim, the JCC correctly noted that more than two years had elapsed between the last visit to Dr. Wancier and the filing of the claim. On this basis, the JCC found the claim time-barred under section 440.19, Florida Statutes.[3] *800 The JCC did not address the claimant's testimony that a back brace had been prescribed early in the course of treatment and that the claimant wore the brace "off and on," apparently during the critical two-year period.
In Fuster v. Eastern Airlines, Inc., 545 So.2d 268 (Fla. 1st DCA 1988), this court held that wearing a back brace prescribed to alleviate pain could constitute remedial treatment sufficient to toll the statute of limitations. In Fuster, however, it was clear that the employer had actual knowledge of the claimant's use of the brace, and it appears that such knowledge is essential for the brace to toll the statute. See Devilling v. Rimes, Inc., 591 So.2d 304 (Fla. 1st DCA 1991) (claimant's use of prescribed shoe inserts and cane would not toll the statute where there was no showing that the employer knew of the use). In the instant case, the JCC did not address this issue, though the claimant clearly asserted his use of the prescribed back brace during the relevant two-year period as a basis for tolling the statute. The appealed order is reversed and remanded for the JCC to include findings on this question.
ZEHMER, MINER and WEBSTER, JJ., concur.
NOTES
[1] Compensation benefits were handled through an August 1986 washout settlement which did not affect medical benefits.
[2] Although the claimant saw Dr. Wancier in July 1987, we agree with the JCC that the visit was not related to the claimant's compensable injuries. The July 1987 visit was for a neurological consultation concerning possible injuries the claimant sustained in a noncompensable automobile accident. We reject the claimant's argument that the mere fact of visiting the authorized physician, regardless of the purpose or motive for the visit, is sufficient to toll the two-year limitations period. See McNeilly v. Farm Stores, Inc., 553 So.2d 1279 (Fla. 1st DCA 1989) (treatment may toll the limitations period where it is a reasonably necessary part of the claimant's follow-up care for the compensable industrial accident); Liberty Mutual Insurance Co. v. Fuchs Baking Co., 577 So.2d 603, 605 (Fla. 1st DCA 1991) (limitations period was tolled where authorized physicians treated claimant for conditions attributable to his industrial accident).
[3] The JCC also notes that the claimant fully recovered from his 1981 industrial accident, thus suggesting that the claimed medical care was unnecessary. To the extent that the denial of medical care was based upon this finding, it is unsupported by competent substantial evidence.