SHIVERS, Judge.
This appeal is from a workers’ compensation order dismissing a claim in its entirety on the ground the claim is barred by the statute of limitations. We affirm.
The claimant suffered a knee injury requiring surgery in 1971. The authorized doctors prescribed a ‘TENS unit’ in 1984. The Certificate of Medical Necessity indicated the unit “will be needed for undetermined months.” The employer/carrier purchased the unit for the claimant.
A TENS (transcutaneous electrical nerve stimulation) unit is a battery powered machine designed to interfere with pain impulses by applying controlled, low-voltage pulses of electricity through electrodes attached to the skin. One of the doctors testified that use of the unit requires close monitoring, partly because the user can easily become dependent on the device. However, the doctors did not inquire about or take steps to supervise the claimant’s use of the TENS unit after it was prescribed and purchased.
The claimant did not visit the doctors from May 1986 to January 1989, but he continued to use the TENS unit on a regular basis. He filed a claim for benefits in March 1990, and a hearing was conducted to determine whether the claim was barred by the two year limitations period of section 440.19(l)(a), Florida Statutes. The statute provides that a claim must be filed within two years of the time of injury, the date of the last payment of compensation, or “the date of the last remedial treatment furnished by the employer.”
The claimant’s position was that the limitations period had not run because of his continuous use of the TENS unit from May 1986 through January 1989, and the doctors placed no limitation on the duration of his use of the device. He argued that his ongoing use of the TENS unit was remedial treatment furnished by the employer. The judge of compensation claims found that the limitations period was not tolled by the claimant’s use of the machine after May 1986. The claim was dismissed.
*297 The claimant relies on Fuster v. Eastern Airlines, 545 So.2d 268 (Fla. 1st DCA 1988), where the claimant’s use of a back brace prescribed by the employer’s physician for a back injury constituted remedial treatment which tolled the statute of limitations. However, in Fuster the employer had actual knowledge that the back brace was being used. In the case at bar, the employer did not know the claimant continued to use the TENS unit. We are therefore compelled to affirm on the authorities of Devilling v. Rimes, Inc., 591 So.2d 304 (Fla. 1st DCA 1991), and Taylor v. Metropolitan Dade County, 596 So.2d 798, (Fla. 1st DCA 1992). In those cases this court held that Fuster requires that an employer have actual knowledge of a claimant’s use of a prescribed medical device to toll the statute of limitations.
Devilling and Taylor appear to place a burden on the claimant to prove what the employer actually knew, even if the claimant has had no contact with employer for years. We therefore certify the following question as one of great public importance:
WHETHER THE LIMITATIONS PERIOD OF SECTION 440.19(l)(a), FLORIDA STATUTES, IS TOLLED BY THE CLAIMANT’S ROUTINE USE OF A DEPENDENCY-INDUCING MEDICAL DEVICE FURNISHED BY THE EMPLOYER AND PRESCRIBED BY THE AUTHORIZED PHYSICIAN FOR AN INDEFINITE PERIOD OF TIME WITHOUT SUPERVISION, EVEN THOUGH THE EMPLOYER DID NOT HAVE ACTUAL KNOWLEDGE THE CLAIMANT CONTINUED TO USE THE DEVICE BEYOND THE TIME THE PHYSICIAN SHOULD HAVE INSTRUCTED THE CLAIMANT TO DISCONTINUE USE OF THE DEVICE, AND NO SUCH INSTRUCTION WAS GIVEN.
AFFIRMED.
BOOTH and MINER, JJ., concur.