616 So.2d 37 (1993)
Jay F. LEE, Petitioner,
v.
CITY OF JACKSONVILLE and CNA Insurance Company, Respondents.
No. 79930.
Supreme Court of Florida.
April 1, 1993.
Douglas Edward Daze, Ceballos, Shorstein, Kelly & Daze, P.A., Jacksonville, for petitioner.
William J. Spradley, III and M. Allison Hunnicutt, Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, for respondents.
McDONALD, Justice.
We have for review Lee v. City of Jacksonville, 598 So.2d 296, 297 (Fla. 1st DCA 1992), in which the district court certified the following question of great public importance:

*38 WHETHER THE LIMITATIONS PERIOD OF SECTION 440.19(1)(a), FLORIDA STATUTES, IS TOLLED BY THE CLAIMANT'S ROUTINE USE OF A DEPENDENCY-INDUCING MEDICAL DEVICE FURNISHED BY THE EMPLOYER AND PRESCRIBED BY THE AUTHORIZED PHYSICIAN FOR AN INDEFINITE PERIOD OF TIME WITHOUT SUPERVISION, EVEN THOUGH THE EMPLOYER DID NOT HAVE ACTUAL KNOWLEDGE THE CLAIMANT CONTINUED TO USE THE DEVICE BEYOND THE TIME THE PHYSICIAN SHOULD HAVE INSTRUCTED THE CLAIMANT TO DISCONTINUE USE OF THE DEVICE, AND NO SUCH INSTRUCTION WAS GIVEN.
We have jurisdiction pursuant to article 5, section 3(b)(3) of the Florida Constitution. We answer the certified question in the negative and approve the decision of the district court.
Jay F. Lee was injured on August 30, 1971 during the course of his employment as a power linesman with the City of Jacksonville. On December 2, 1971, a physician determined that Lee was suffering from synovitis of the left knee, which causes painful irritation of the joint lining. Because Lee continued to experience pain several years after the original injury, Dr. Trave Brown prescribed Lee a TENS (transcutaneous electrical nerve stimulation) unit in June 1984. The TENS unit is a battery powered machine designed to interfere with pain impulses by applying controlled, low voltage pulses of electricity through electrodes attached to the skin. The Certificate of Medical Necessity indicated that the unit would be needed for "undetermined months."
According to the testimony of one of Lee's treating physicians, TENS units are generally prescribed only for a three- to six-month period because extended use can cause skin irritation or dependency. Lee's physicians did not inquire about or supervise his use of the unit after it had been prescribed, nor did Lee convey to his physicians that he was continuing to use the unit. Although Lee did not see any of his treating physicians between May 1986 and January 1989, he continued to use the TENS unit on a regular basis.[1] In March 1990, Lee filed a claim for workers' compensation benefits.
Subsection 440.19(1)(a), Florida Statutes (1971) requires a worker's compensation claim to be filed within two years of the time of injury, the date of the last payment of compensation, or "the date of the last remedial treatment furnished by the employer." The judge of compensation claims dismissed Lee's claim for benefits, finding that Lee did not receive remedial attention furnished by the employer as required by subsection 440.19(1)(a). The district court affirmed the decision of the judge of compensation claims and concluded that the limitations period was not tolled by Lee's use of the TENS unit after May 1986.
In Fuster v. Eastern Airlines, Inc., 545 So.2d 268 (Fla. 1st DCA 1988), the employer's authorized physician prescribed a back brace to the claimant, an airline pilot, for his job-related injury. The court held that the pilot's use of the brace constituted remedial treatment that tolled the statute of limitations. The evidence in Fuster clearly showed that the claimant's treating physician, who was also the head physician at the airline clinic, was aware that the claimant was flying with a brace. In contrast to the facts of the instant case, both the employer and the treating physician in Fuster knew that the claimant continued to use the back brace in the course of his employment and thus did so with the acquiescence of his doctor.
In order for treatment to be "furnished by the employer," the employer or carrier must have actual knowledge that the claimant is receiving remedial treatment. Taylor v. Metropolitan Dade County, 596 So.2d 798 (Fla. 1st DCA 1992); see also Devilling v. Rimes, Inc., 591 So.2d 304 *39 (Fla. 1st DCA 1991) (claimant's use of prescribed shoe inserts and cane did not toll the limitations period where there was no showing that employer had actual knowledge of the use). Although the employer in the instant case was aware that the TENS unit had been prescribed in 1984, Lee did not visit his physician for over two years and had no further contact with his employer or his physician regarding the use of the TENS unit. In order to preserve the right to future benefits, the claimant is required to receive remedial care every two years. Mahoney v. Sears, Roebuck & Co., 438 So.2d 174 (Fla. 1st DCA 1983), review denied, 447 So.2d 887 (Fla. 1984).
Because the employer clearly did not have actual knowledge that Lee was continuing to use the TENS unit, we hold that the treatment was not "furnished by the employer." We approve the district court's decision that the limitations period in subsection 440.19(1)(a) is not tolled by Lee's use of the TENS unit.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] During the period of 1984-1986, CNA Insurance Company paid for the parts (such as batteries and adhesive tape) for Lee's TENS unit and, after that time, he purchased or borrowed the necessary parts.