MICKLE, Judge.
This is an appeal from an order of the judge of compensation claims (JCC) denying the claim after finding that the treatment rendered to Claimant was time-barred by the statute of limitations. We reverse, finding as a matter of law that the care provided was “remedial attention relating to the insertion or attachment of a prosthetic device” as con- ■ templated in section 440.19(l)(b), Florida Statutes (1983).
The medical facts are not in dispute. Claimant, Winifred Peo, sustained a compen-sable accident on March 20, 1985, when she fractured her left hip after tripping and falling in her employer’s parking lot. Two days later, orthopedic surgeon Dr. Fenning performed a total left hip replacement operation. During the course of the surgery, a prosthetic device was implanted and attached to the bones in Claimant’s pelvis and femur. In 1987, the JCC approved a stipulation and joint petition for partial final settlement, leaving open the right to receive future medical benefits. Sometime in 1988, Claimant developed trochanteric bursitis of the left hip and was compensated for treatment thereto. Between August 22, 1988, and February 17, 1992, Claimant was in Dr. Fanning’s office on only one occasion, when she received medication unrelated to her hip condition. The last medical payments made by the E/C were on February 24, 1989.
More than two years passed before Claimant sought medical treatment again with Dr. Fenning in 1992 for complaints associated with the bursitis condition, and she received a cortisone injection for pain on February 17, 1992. Shortly afterwards, a claim was filed for compensation benefits, to wit, remedial care for the left trochanteric bursitis, and penalties, interest, costs, and attorney’s fees. The E/C defended the claim on the grounds that it is barred by the statute of limitations.
The effect of the statute of limitations is that all rights to remedial attention shall be barred unless a claim therefor is filed within two years of any of several time periods (e.g., dates of injury, last payment of compensation, or last remedial attention). The following statutory exception is included in section' 440.19(l)(b), Florida Statutes (1983):
*1132 However, no statute of limitations shall apply to the right for remedial attention relating to the insertion or attachment of a prosthetic device to any part of the body.
Dr. Fenning stated in his deposition that the February 1992 cortisone injection was intended to relieve Claimant’s pain from bursitis. We find that the treatment constituted “remedial attention” for statutory purposes. City of Orlando v. Blackburn, 519 So.2d 1017 (Fla. 1st DCA 1987). It is undisputed that the left total hip replacement constitutes a “prosthetic device.” Accordingly, we need address only the narrow question of whether Dr. Fenning’s 1992 treatment falls within the statutory exception “relating to the insertion or attachment of a prosthetic device.”
Dr. Fenning testified that it is not unusual for patients with total hip replacements to develop adhesions or scar tissue in the area of the exposure of the joint. In Claimant’s case, this region is directly on or over the trochanter of the femur, the prominence on the lateral side of the hip bone. The scar tissue is not within the hip joint itself. Trochanteric bursitis is a “fairly common” post-operative condition that can appear immediately after surgery or later, and can be temporary or recurring. Claimant’s condition is attributable to the scar tissue or adhesions, which themselves are attributable to the implantation of the hip replacement. Nothing in the record indicates that the prosthetic device is functioning other than as intended, and Dr. Fenning has no plans to perform any further surgery relating to the hip implant. The doctor testified that his 1992 treatment of Claimant had nothing to do with the repair, maintenance, or replacement of the device. The doctor answered in the affirmative when asked specifically whether the adhesions and trochanteric bursitis are “related to the insertion of a prosthetic device.” In subsequent questioning that arguably distinguished between the surgical procedure itself and the insertion of the device, he agreed that Claimant’s current condition is the result of “that operation.”
The E/C concede that Claimant’s bursitis is “causally related” to the scar tissue that resulted from the total hip replacement. However, they assert that not all treatment causally related to a prosthetic device is exempted from the statute of limitations. Their defense is based on the seemingly fine distinction between 1) remedial attention that is the insertion, attachment, maintenance, or repair of the prosthetic device itself, on the one hand, and 2) other remedial treatment that may be merely “causally related” to the prior injury but is not the result of the hip replacement. The E/C argue that treatment in the first category is contemplated within the statutory exception to the statute of limitations, while Claimant’s February 1992 treatment relates to the surgical procedure itself (rather than to the insertion of the device), falls within the second category, and is outside the narrow exception provided in statutory subsection (l)(b).
Claimant, however, relies on the ordinary meaning of “relating to,” ie., having a logical or causal relationship or connection to something, to assert that the February 1992 treatment causally relates to the insertion of the hip replacement. Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla.1986) (when statutory language is clear and unambiguous, court may not look beyond plain meaning of that language). Claimant submits that treatment relating to the insertion of a prosthetic device includes the surgical procedure necessary to the insertion. The reasoning is that but for the insertion of the device, Claimant would not have had the operation or developed the scar tissue or adhesions to which her current condition is attributable. Dr. Fenning’s 1992 corrective treatment was necessary to mitigate her pain due to that condition.
A reasonable reading of section 440.-19(l)(b), Florida Statutes, demonstrates that Claimant’s interpretation is more consonant with the legislative intent to create an exception and extend coverage for certain claimants with prosthetic devices. As used in subsection (l)(b), “prosthetic device” “requires a relatively permanent functional or cosmetic purpose.” Cash v. Universal Rivet, Inc., 616 So.2d 446, 448 (Fla.1993). Dr. Fen-ning’s testimony about the' surgical procedures involved and Claimant’s prognosis, considered along with the nature of Claim *1133 ant’s prosthetic device, convinces us that the hip implant is among those devices requiring a relatively long-term functional purpose. In some cases, such inserted devices mil remain in the employee’s body well beyond the two-year periods contemplated in the statute of limitations. We believe that Claimant lies within the category of claimants whom the Legislature sought to protect.
Although the E/C rely on commentary in our opinion in Universal Rivet, Inc. v. Cash, 598 So.2d 154 (Fla. 1st DCA 1992), approved, 616 So.2d 446 (Fla.1993), we think that Claimant has demonstrated adequately that the particular language at issue in Cash, 598 So.2d at 158, is obiter dictum. Additionally, we note that the Florida Supreme Court in Cash characterized the issue of compensability as hinging on the definition of “prosthesis,” 616 So.2d at 448, an issue that is not present in the ease sub judice.
We REVERSE the order denying the claim as time-barred, and REMAND for further proceedings consistent with the opinion herein.
REVERSED and REMANDED.
ERVIN and DAVIS, JJ., concur.