VAN NORTWICK, J.
 

 In this workers’ compensation proceeding, Nadine Gore, Claimant, appeals an order of the Judge of Compensation Claims (JCC) denying her claim for benefits, entered on the ground that the statute of limitations barred the claim. Claimant argues that the JCC erred by (1) finding, as a matter of law, that Claimant’s continuous use of a prosthesis did not constitute the provision of remedial treatment sufficient to toll the statute of limitations; and (2) finding that the Lee County School Board and Johns Eastern, Employer/Carrier (E/C), was not estopped from asserting the statute of limitations defense. We affirm the second issue raised on appeal without further comment. For the reasons explained below, we agree with Claimant on the first assertion of error and reverse.
 

 Factual Background
 

 Claimant suffered a compensable injury on January 22, 2002, when she twisted her right knee at work. Following the injury, Claimant’s authorized physician, Dr. Springer, performed a partial knee replacement of Claimant’s right knee. The surgery involved the insertion of a metallic prosthesis into Claimant’s knee. Dr. Springer explained that the results of Claimant’s surgery would likely last for “upwards of seven to ten years.” The doctor further indicated that Claimant’s surgery involved the insertion of an implantable device and, like any mechanical, implantable device, it may wear out over time. Dr. Springer determined Claimant reached maximum medical improvement on July 21, 2003, and he has not seen Claimant since that time. The prosthesis has remained in Claimant’s knee since the surgery.
 

 On March 16, 2009, Claimant filed a petition for benefits seeking reauthorization of Dr. Springer for continued care of her right knee. The E/C filed a response to Claimant’s petition, asserting the statute of limitations expired on the claim. The parties stipulated that the last payment of indemnity benefits to Claimant was made on August 10, 2003, and it was undisputed that Claimant’s March 2009 PFB was filed more than two years after the date of Claimant’s injury.
 

 At a hearing before the JCC, Claimant argued her use of a prosthetic device represented a continuous provision of remedial treatment that tolled the statute of limitations pursuant to section 440.19(2), Florida Statutes (2001). Claimant acknowledged that, in 1993, the Legislature removed the statutory provision excepting prostheses from the statute of limitations, but argued the amendment did not change the relevant case law holding that a claimant’s use of a medical device or apparatus that is known by the E/C tolls the statute of limitations. In response, the E/C argued that the Legislature clearly intended to subject prostheses to the statute of limitations and that the JCC was bound to carry out the Legislature’s intent. The E/C further argued that the cases concerning ongoing remedial care do not apply to prosthetic devices.
 

 The JCC rejected Claimant’s argument that her prosthesis represented a continuous provision of remedial care that tolled the statute of limitations. The JCC reasoned that the Legislature made a substantive change to the law when it amended section 440.19, Florida Statutes, regarding the application of the statute of limitations to prosthetic devices, and therefore intended a specific alteration of the law. The JCC concluded, as a matter of law, that Claimant could not demonstrate the statute was tolled pursuant to
 
 *848
 
 the remedial treatment tolling exception contained in section 440.19(2).
 

 On appeal, Claimant argues that her prosthetic device qualifies as a “medical device,” the use of which tolls the statute of limitations pursuant to section 440.19(2). In response, the E/C argues that a prosthesis is, as a matter of law, distinct from a medical device and, therefore, insufficient to constitute the provision of remedial care sufficient to toll the statute of limitations.
 

 Analysis
 

 Section 440.19(1), Florida Statutes (2001), provides that a petition for benefits is barred unless filed within two years of the date of accident. Section 440.19(2) acts to toll this statute of limitations for a period of one year from the payment of compensation or furnishing of remedial treatment.
 

 It is well-established that a claimant’s use of a prescribed medical device or apparatus, with the E/C’s knowledge, constitutes remedial treatment furnished by an E/C that tolls the statute of limitations. In
 
 Fuster v. Eastern Airlines,
 
 545 So.2d 268 (Fla. 1st DCA 1988), this court held that a claimant’s use of a prescribed back brace constituted remedial treatment which tolled the statute of limitations. Noting the back brace was a “medical apparatus” prescribed to alleviate pain, the court held the back brace constituted “remedial treatment” because it mitigated the condition or effects of the claimant’s injury.
 
 Id.
 
 at 274;
 
 see also Taylor v. Metro. Dade County,
 
 596 So.2d 798 (Fla. 1st DCA 1992) (reversing and remanding for findings of fact where JCC found statute of limitations barred claimant’s claim, but did not address claimant’s testimony that back brace had been prescribed and that claimant wore back brace off and on during critical two-year time period).
 

 Similarly, in
 
 Lee v. City of Jacksonville, 616
 
 So.2d 37 (Fla.1993), the Florida Supreme Court considered the tolling effect of a claimant’s continuous use of a prescribed medical device. There, the court indicated that a claimant’s continuous use of a medical device will constitute remedial treatment furnished by an employer, where the employer or carrier has actual knowledge that the claimant was receiving the remedial treatment under consideration.
 
 Id.
 
 at 38. Accordingly, the court held the claimant’s unsupervised use of a TENS unit was not remedial care which tolled statute of limitations, because the E/C did not have actual knowledge of its use during relevant periods.
 

 Based on the foregoing, it is clear that, so
 
 long
 
 as a claimant can establish that an employer or carrier has actual knowledge of his or her continued use of a medical apparatus prescribed by an authorized doctor, the statute of limitations is tolled during such use. We agree with Claimant that a prosthetic device qualifies as a medical apparatus, the use of which may toll the statute of limitations pursuant to section 440.19(2). Section 440.13(2)(a), Florida Statutes (2001), provides that an “employer shall furnish to the employee such medically necessary remedial treatment, ... including ... prostheses, and other medically necessary apparatus.” We find no reason to treat prostheses differently from other medically necessary apparatus used to mitigate the effects of a compensable injury.
 
 See City of Orlando v. Blackburn,
 
 519 So.2d 1017, 1018 (Fla. 1st DCA 1988) (holding “remedial,” as used in section 440.19, includes treatment that mitigates the effects of an injury). Indeed, a prosthetic device, such as pacemaker or prosthetic limb, mitigates the effects of an injury just as a back brace or TENS unit, the devices at issue in
 
 Fuster,
 
 545 So.2d 268, and
 
 Lee,
 
 616 So.2d 37.
 
 *849
 
 Consequently, we reject the E/C’s argument that Claimant was not “using” her prosthesis and find, to the contrary, that functioning with the assistance of a prosthetic device is tantamount to ongoing use of a medical apparatus sufficient to toll the statute of limitations.
 

 This interpretation recognizes that a medical apparatus, such as a prosthesis, can require further treatment at any time after its insertion into the body. As has been pointed out many times, workers’ compensation legislation “is designed to relieve society generally, and injured employees specifically, of the economic burden resulting from work connected injuries and place the burden on industry.”
 
 J.J. Murphy & Son, Inc. v. Gibbs,
 
 137 So.2d 553 (Fla.1962). Certainly, if a claimant is continuously using a medical apparatus that is known to deteriorate or wear out, industry should bear the burden of maintaining the apparatus and its functioning ability.
 

 Furthermore, because a claimant must demonstrate that she continuously used the medical apparatus in question and that the E/C had actual knowledge of that use, our holding in no way militates against the underlying purpose of the statute of limitations, namely, to protect defendants from unfair surprise and stale claims.
 
 See Major League Baseball v. Morsani,
 
 790 So.2d 1071 (Fla.2001). Indeed, it should come as no surprise to an E/C that a claimant may seek follow-up treatment to repair or replace a no longer functioning apparatus that was prescribed by an authorized physician and used on a continuous basis.
 

 Our analysis does not overlook the legislative amendments to section 440.19(1)(b). As noted by the JCC, for accidents occurring prior to 1994, there was no statute of limitations applicable to remedial treatment related to prosthetic devices. Specifically, section 440.19(1)(b), Florida Statutes (1993), provided, in relevant part, that “no statute of limitations shall apply to the right for remedial attention relating to the insertion or attachment of a prosthetic device to any part of the body.” The Legislature has removed this language from the statute. The statute no longer expressly exempts prosthetic devices from the otherwise-applicable statute of limitations.
 

 Contrary to the reasoning of the JCC and the E/C, interpreting “medical device” to include prostheses is not foreclosed by the legislative repeal of the prosthesis exception. By removing the statutory exception for prosthetic devices, the Legislature eliminated the exemption, as a matter of law, for prostheses. The repeal does not, however, indicate a legislative intent to preclude claimants from arguing other applicable tolling mechanisms, including the use of a prescribed medical device, where the proper factual predicate is established and proven to the satisfaction of the JCC. Thus, although a prosthetic device no longer warrants automatic protection from the statute of limitations, the continued use of a prosthetic device may constitute the use of a medical device furnished by an E/C sufficient to toll the statute of limitations.
 

 Accordingly, the JCC erred in finding Claimant’s prosthetic device did not toll the statute of limitations as a matter of law. Instead, the JCC should have determined whether Claimant satisfied her burden of proving operation of the medical apparatus tolling exception, as outlined in
 
 Lee
 
 and
 
 Fuster. See Palmer v. McKesson Corp.,
 
 7 So.3d 561, 563 (Fla. 1st DCA 2009) (holding that claimant seeking to extend or avoid SOL by operation of tolling exception bears burden of establishing the exception). Because we determine Claimant’s use of her prosthetic device is tantamount to use of a medical apparatus sufficient to toll the statute of limitations,
 
 *850
 
 on remand, the JCC need only determine whether the E/C had actual knowledge of the remedial treatment in question, that is, Claimant’s continuous use of her prosthetic device.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 BENTON, and WETHERELL, JJ., concur.