PER CURIAM.
Bobby Coburn, claimant, appeals a final order of the Judge of Compensation Claims (JCC) which determined that Co-burn’s claim was barred by the one-year statute of limitations in section 440.19(2), Florida Statutes (2009). Claimant sought authorization of an appointment with an authorized treating provider to address problems with claimant’s hearing aids that had been provided as a result of his com-pensable hearing loss caused by injuries incurred in a 1999 industrial accident. Based on a finding that more than one year had passed since the last payment, treatment or care relating to the hearing loss, the JCC concluded the statute of limitations barred the claim.
Here, it is undisputed that the claimant’s hearing aids are prosthetic devices which are being used to mitigate the effects of a compensable injury. Under our recent holding in Gore v. Lee County School Board, 43 So.3d 846, 848-49 (Fla. 1st DCA 2010), the statute of limitations would have been tolled, if the employer or carrier had knowledge of claimant’s continued use. Such knowledge is an issue of fact not reached by the JCC (most likely because the order on appeal was entered without the benefit of our decision in Gore). Accordingly, we reverse and remand for further proceedings. On remand, the JCC need only determine whether the employer or carrier had knowledge, whether express or implied, of the claimant’s continuous use of his hearing aids. See Gore, 43 So.3d at 850; Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932) (explaining distinction between express actual notice and implied actual notice).
REVERSED.
KAHN, VAN NORTWICK, and THOMAS, JJ., concur.