PER CURIAM.
In this Workers’ Compensation case, the Claimant challenges an order of the Judge of Compensation Claims finding his petition for benefits barred by the running of the statutory limitations period under section 440.19, Florida Statutes (2008). Finding no merit in the Claimant’s argument that the Employer/Carrier was estopped from raising the statute of limitations, we affirm this issue without comment. We also affirm the JCC’s finding that the statute of limitations was tolled under section 440.19(1) for one year from the date that the claimant was furnished with a prescription for medication by his authorized physician in July of 2011 and, as a consequence, that the Claimant’s petition for benefits filed in October of 2012 was untimely. In so doing, we reject the Claimant’s argument that the statute in this case began to run from the date he alleges he last took the prescribed medication in March of 2012.
The Claimant’s reliance on this court’s decision in Ginsberg v. ChemMed Corp., 929 So.2d 633 (Fla. 1st DCA 2006), is misplaced. In Ginsberg, the claimant argued that the statute did not begin to run until the end of a non-renewable thirty-day supply of prescribed medication. Noting that there was no dispute that the employer/carrier knew of this course of treatment, the Ginsberg court reversed the order dismissing all claims based on the running of the statute of limitations, and remanded with instructions for a finding as to when the claimant last took the medication as prescribed during the thirty-day period. Under this admittedly narrow set of facts, the Ginsberg court declined to apply prior case law citing the date the prescription was received as the date the limitations period began to run.
Here, the medical evidence indicates that the authorized treating physician allowed for refills and advised the Claimant to take the prescribed medication “as needed,” despite specific instructions for a daily dosage on the prescription itself. We decline to extend the reasoning in Ginsberg to the factual situation presented here where the course of treatment is completely within Claimant’s discretion and outside the knowledge of the Employer/Carrier. Such a result is contrary to the self-executing nature of the statute. Consequently, we hold that the JCC did not err when she found that the date the statute began to run was the date the Claimant received/filled the prescription for medication in July of 2011. See Thomas v. Jacksonville Elec. Auth., 536 So.2d 310 (Fla. 1st DCA 1988); City of Orlando v. Blackburn, 519 So.2d 1017 (Fla. 1st DCA 1987). The JCC’s order denying and dismissing the Claimant’s petition for benefits based on the running of the statute of limitations is, therefore, affirmed.
VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.