# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1316

_____

RING POWER CORPORATION and
UNITED SELF INSURED SERVICES,

    Appellants,

    v.

ANDREW MURPHY,

    Appellee.

_____


On appeal from an order of the Judge of Compensation Claims.
Thomas W. Sculco, Judge.

Date of Accident: July 24, 2006.

February 23, 2018


PER CURIAM.

The issue in this appeal is whether the statute of limitations barred Andrew Murphy's petition for workers' compensation benefits. The relevant facts are undisputed: Murphy had a spinal-fusion surgery a few months after his 2006 accident. Doctors used rods and screws to stabilize Murphy's spine while the bone grew back together. After less than a year, Murphy's fusion was solid. The rods and screws no longer performed any function, but they remained attached, inside Murphy.

Murphy's employer last provided worker's compensation benefits in 2013. In 2016, Murphy filed a petition for benefits, seeking additional treatment. Because the petition was filed long after the last treatment, the employer asserted a statute-of-limitations defense. *See* § 440.19, Fla. Stat. (2006) (establishing general two-year limitations period). Murphy responded by asserting that section 440.19(2) applied, making his petition timely. That provision "acts to toll [the] statute of limitations for a period of one year from the payment of compensation or furnishing of remedial treatment." *Gore v. Lee Cty. Sch. Bd.*, 43 So. 3d 846, 848 (Fla. 1st DCA 2010); *accord Lee v. City of Jacksonville*, 616 So. 2d 37, 39 (Fla. 1993) (noting that based on § 440.19(2), claimant must receive periodic remedial care "[i]n order to preserve the right to future benefits").

The judge of compensations claims agreed with Murphy, concluding that because rods and screws remained inside him, Murphy was continually furnished remedial treatment, meaning the limitations period never ran. The JCC therefore rejected the employer's defense, and the employer appeals. Our review is de novo. *Gilbreth v. Genesis Eldercare*, 821 So. 2d 1226, 1228 (Fla. 1st DCA 2002) (JCC's legal conclusions are reviewed de novo).

This appeal turns on statutory interpretation. We must decide whether having rods and screws attached indefinitely means a claimant is "furnish[ed] remedial treatment" indefinitely. *See* § 440.19(2), Fla. Stat. (2006). We hold it does not. It is undisputed that the pins and screws no longer serve any purpose, and we cannot conclude their remaining attached falls within the tolling provision's reach. *See Whitney Bank v. Grant*, 223 So. 3d 476, 479 (Fla. 1st DCA 2017) (noting obligation to rely on statute's plain language).

Murphy cites *Gore v. Lee County School Board*, in which we held that the "continued use" of a medical apparatus *will* toll the statute of limitations. *See* 43 So. 3d at 849. In *Gore*, the claimant continually used a knee prosthesis that had a limited life span. *Id.* at 847. We concluded this continual use counted as continual remedial treatment, so we held it tolled the statute of limitations. *Id.* at 849-50. But *Gore* does not apply here. Unlike the claimant in *Gore*, Murphy is not "using" the rods and screws. *Cf. also Fuster*

*v. E. Airlines, Inc.*, 545 So. 2d 268, 273 (Fla. 1st DCA 1988) (concluding statute of limitations tolled while claimant continued to use back brace). The rods and screws were used for a temporary purpose, but for years they have served no function at all. Their placement does not toll the statute of limitations.

REVERSED.

B.L. THOMAS, C.J., and WETHERELL and WINSOR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Hayley Lewis Folmar and Caitlin W. Beyl of McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A., Jacksonville, for Appellants.

Kelli B. Hastings of Law Office of Kelli B. Hastings, PLLC, Orlando; and Sean P. McCormack of Colling, Wright & Carter, Orlando, for Appellee.