424 So.2d 898 (1982)
SEAMCO LABORATORIES, INC., and Federal Insurance Company, Appellants,
v.
William S. PEARSON, Appellee.
No. AK-351.
District Court of Appeal of Florida, First District.
December 21, 1982.
Rehearing Denied January 25, 1983.
*899 Clifford L. Somers of Miller, McKendree & Somers, Tampa, for appellants.
Stephen L. Rosen of Morris & Rosen, P.A., Tampa, for appellee.
SHIVERS, Judge.
Employer/Carrier appeal workmen's compensation order finding statute of limitations has been tolled by the rendering of medical care to claimant by authorized physician.
The employer/carrier ask us to reverse the deputy commissioner because the employer/carrier were not notified that this medical care was being furnished or were not requested to pay for it within a two-year limitation period. We find the deputy did not err and affirm.
Claimant sustained a compensable injury on December 22, 1978, and was treated by Richard P. Molloy, M.D. The employer/carrier terminated compensation benefits on January 15, 1979, when claimant reached maximum medical improvement. Subsequently, however, claimant's respiratory condition resulting from the injury worsened. On July 7, 1980, claimant returned to Dr. Molloy, his authorized treating physician, who hospitalized him. Employer/Carrier admit in their brief that Dr. Molloy did not lose his status as claimant's authorized treating physician.
Although claimant requested that Dr. Molloy send his medical bills and reports to the employer/carrier, Dr. Molloy failed to do so within the two-year period following the termination of compensation benefits on January 15, 1979.
On August 10, 1981, claimant filed a claim for further compensation benefits. The deputy commissioner rejected the employer/carrier defense that the claim was barred by the statute of limitations and found that the statute of limitations had been tolled by the rendering of treatment by the authorized physician.
Appellants correctly point out the two pertinent statutes: section 440.19(1)(a), Fla. Stat. (1977) and section 440.13(3)(d), Fla. Stat. (1978 Supp.).
Section 440.19(1)(a) reads:
The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within 2 years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
Section 440.13(3)(d) reads in part:
All rights for remedial attention under this section shall be barred unless a claim therefor is filed with the division within 2 years after the time of injury, except that if payment of compensation has been made or remedial attention has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer; ...
The case here is similar to the case of Vincent v. Tropicana Products, IRC Order 2-3103, cert. den., 351 So.2d 409 (Fla. 1977). There it was held that treatment by an authorized physician within the two-year period was sufficient to toll the running of the statute and the employee was not obligated to first obtain further authorization for the treatment. Vincent held that a discharge by the treating doctor does not eliminate or shorten the two-year protective period. The deputy commissioner in the case sub judice correctly noted that even though Dr. Molloy did not submit a bill or a report to the employer/carrier within the *900 two-year period, as the Vincent physician did, he rendered remedial treatment before the expiration of the two-year period. It is the remedial treatment that tolls the statute, not the report of the treatment.
In Johnson v. Division of Forestry, 397 So.2d 761 (Fla. 1st DCA 1981), we held:
The statutory language is clear that it is the last furnishing of such remedial treatment or payment of compensation from which the two-year limitation is measured.
The claim was timely filed within two years from the furnishing of remedial treatment by an authorized physician.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.