553 So.2d 1279 (1989)
Melvin H. McNEILLY, Appellant,
v.
FARM STORES, INC. and Risk Administrators, Inc., Appellees.
No. 89-543.
District Court of Appeal of Florida, First District.
December 1, 1989.
Judith J. Flanders and David J. Williams of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellant.
Thomas A. Moore of Thomas A. Moore, P.A., Orlando, for appellees.
JOANOS, Judge.
Melvin H. McNeilly has appealed an order of the Judge of Compensation Claims (JCC) denying his claim for benefits and medical expenses based on the running of the statute of limitations, Section 440.19(1)(b), Florida Statutes (1985). We reverse.
McNeilly was employed by Farm Stores, Inc. as a convenience store clerk in November 1985, when he suffered a hernia while stocking merchandise. Dr. Cather, McNeilly's authorized physician, admitted him to the hospital in January 1986 for surgical repair of the hernia. However, McNeilly's cardiologist, Dr. Gonzalez, advised that any surgical procedure was potentially life-threatening in light of a heart attack and stroke McNeilly had suffered prior to the injury. Dr. Cather thereupon discharged McNeilly, intending that he be followed *1280 thereafter by Dr. Gonzalez. However, Dr. Cather was never deauthorized by the employer/carrier.
The employer/carrier paid compensation benefits from January 28 to March 10, 1986. McNeilly's hernia thereafter worsened, and began interfering with his normal functioning. He returned to Dr. Cather in September 1987 so that the possibility of surgical repair could again be evaluated. The evidence was conflicting as to whether the employer/carrier was notified of this return visit, and it is undisputed that McNeilly himself paid therefor. In any case, Dr. Cather, in consultation with Dr. Gonzalez and after reviewing new test results, again declined to perform surgery and prescribed a truss to make McNeilly more comfortable.
In February 1988, McNeilly decided to seek medical advice in Virginia, where his stepson was attending medical school. The Virginia doctors determined to perform the surgery, and on February 22, 1988, McNeilly sought telephone authorization therefor from the employer/carrier. On February 25, 1988, the employer/carrier's representative informed McNeilly that the surgery would not be covered in that the statute of limitations had run on the claim. In actuality, the statute did not run until at least March 10, 1988, two years after the employer/carrier's last payment of benefits. Section 440.19(1)(b), Florida Statutes (1985). McNeilly nevertheless decided to proceed with the surgery, and it was successfully performed on February 29, 1988.
In April 1988, McNeilly filed the instant claim for benefits and medical and travel expenses. At the subsequent hearing, the employer/carrier contended that the claim was barred by the statute of limitations in that it was filed after March 10, 1988. McNeilly countered that the claim was timely filed, in that his visit to Dr. Cather in September 1987 constituted remedial care by the employer/carrier, so as to revive the limitations period on that date. The JCC found that the employer/carrier had not furnished the care, in that McNeilly had not sought authorization for his return to Dr. Cather, and further had paid for the visit himself. The JCC thereupon denied McNeilly's claim as barred by the statute of limitations.
All rights for remedial attention are barred unless a claim therefor is filed within 2 years after the injury, except that, if compensation benefits have been paid or remedial attention has been furnished by the employer, a claim may be filed within 2 years after the date of the last payment of benefits or remedial attention furnished by the employer. Section 440.19(1)(b), Florida Statutes (1985). The employer/carrier herein ceased paying compensation benefits on March 10, 1986, and the JCC found that the September 1987 visit to Dr. Cather was not remedial attention "furnished by the employer" so as to revive the limitations period as of the latter date. We disagree.
An employee is not obligated to obtain further authorization for treatment by an authorized physician within the two year limitations period. Seamco Laboratories, Inc. v. Pearson, 424 So.2d 898 (Fla. 1st DCA 1983), citing Vincent v. Tropicana Products, IRC Order 2-3103 cert. den. 351 So.2d 409 (Fla. 1977). But see Gonzalez v. Allure Shoe Corp., 160 So.2d 703 (Fla. 1964). Here, Dr. Cather was McNeilly's authorized physician at the time of the injury, and remained so at the time of his September 1987 visit, which was within two years of the employer's last payment of benefits. The fact that McNeilly paid for the visit personally is also irrelevant, in that the significant event is the rendition of remedial treatment before the expiration of the two year period, and not the payment of the bill therefor. Seamco at 900. Therefore, the JCC erred in holding that the September 1987 visit was not furnished by the employer/carrier so as to revive the limitations period on that date, and the April 10, 1988 claim for benefits was timely filed.
The JCC did not reject the claim on the ground that McNeilly did not receive remedial care at the September 1987 visit. However, we note that, so long as a doctor is authorized to provide follow-up care, and visits to the doctor for continuing supervision *1281 and evaluation for possible change in treatment are reasonably necessary from a medical standpoint, such visits constitute `remedial attention' under the limitations statute. Tower Chemical Co. v. Hubbard, 527 So.2d 886, 890 (Fla. 1st DCA 1988). Here, Dr. Cather remained McNeilly's authorized physician, and further, the injury suffered in 1985 had never been resolved. Therefore, continuing medical supervision and evaluation for possible change in treatment remained reasonably necessary, and the September 1987 visit for the purpose of determining if surgery had yet become feasible constituted remedial care.
Because the JCC erred in rejecting McNeilly's claim on the ground that it was filed outside the statutory limitations period, we reverse and remand for further proceedings.
WENTWORTH and THOMPSON, JJ., concur.