PER CURIAM.
This cause is before us on appeal from an order denying workers’ compensation benefits. Claimant asserts errors in the denial of claims for reimbursement of medical expenses and temporary total disability (TTD) benefits.
On October 29, 1987, claimant injured his back in a work-related accident. Claimant began seeing Dr. Silverman, an authorized chiropractor, and returned to work shortly thereafter.
On March 16, 1988, Dr. Dranoff, a chiropractor, examined claimant and determined that he had reached maximum medical improvement (MMI) with no permanent physical impairment. Thereafter, the E/C deau-thorized Dr. Silverman.
On March 31, 1988, claimant fell from a ladder, twisted his knee, and reinjured his back. Claimant attempted to see Dr. Sil-verman but learned that the E/C had deau-thorized chiropractic care. Dr. Silverman agreed to treat claimant and placed claimant on light-duty status. Dr. Silverman testified that claimant had not reached MMI.
The JCC accepted Dr. Dranoff’s opinion that claimant reached MMI without any permanent impairment and denied the claims for temporary benefits, wage-loss benefits, and permanent benefits.
In Stuckey v. Eagle Pest Control Co., Inc., 531 So.2d 350 (Fla. 1st DCA 1988), this court held that:
Under section 440.13(2)(a), Florida Statutes (1985), ... once an injured employee establishes a satisfactory physi *1229 cian-patient relationship with an authorized physician, the e/c may not deau-thorize that physician without the employee’s prior agreement or without approval of a deputy commissioner. Where the e/c attempts to deauthorize a physician without the employee’s or deputy’s prior approval, the e/c must then show good cause for such action. In this situation the focus should be on the question of why an authorized physician should no longer provide care, thereby severing an established physician-patient relationship.
In the instant case, claimant established a satisfactory physician-patient relationship with Dr. Silverman, an authorized chiropractor. The E/C deauthorized Dr. Silverman as a result of Dr. Dranoff’s opinion that claimant had reached MMI with no permanent impairment. However, Dr. Dra-noff’s opinion was made prior to claimant’s second accident. The E/C have failed to show that Dr. Dranoff’s opinion related to claimant’s condition following the second accident. Therefore, Dr. Silverman was unilaterally deauthorized without “good cause.” We must reverse the order denying reimbursement of Dr. Silverman’s medical expenses.
Furthermore, Dr. Silverman’s unre-butted testimony reveals that claimant could not work following the second accident. The JCC rejected Dr. Silverman’s testimony without providing adequate explanation for its rejection. Therefore, we must reverse and remand for further findings concerning the second accident and the period of wage-loss benefits. See Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989) (JCC may not reject unre-butted medical testimony without a reasonable explanation).
Accordingly, the order is reversed and remanded for proceedings consistent herewith.
BOOTH, SHIVERS and MINER, JJ., concur.