WEBSTER, Judge.
In this workers’ compensation case, claimant seeks review of an order denying his claim for benefits as barred by the statute of limitations. Claimant argues that the order should be reversed because the undisputed evidence establishes that he received remedial attention from an authorized physician less than two years before he filed his claim. We agree and, accordingly, reverse.
Claimant injured his back on November 25,1987. The accident was accepted as com-pensable by the employer and servicing agent; and Dr. Stephens, a chiropractor, was authorized to treat claimant. Dr. Stephens diagnosed a “severe sprain, lumbar spine, protrusion lower lumbar disc” for which he treated claimant until January 14, 1988. Although claimant still had objective manifestations of his injury, on that date Dr. Stephens concluded that claimant had reached maximum medical improvement, with no permanent impairment, and released claimant to return to full work duties. However, Dr. Stephens also stated that claimant was to return for additional treatment on an “as needed basis.”
In March 1989, claimant reinjured his back while rising from a chair at work. Claimant immediately reported the injury to his supervisor, telling her that he believed that the injury was related to the November 1987 injury. Claimant requested permission to return to Dr. Stephens, and his supervisor authorized him to do so. On March 7, 1989, claimant saw Dr. Stephens. Dr. Stephens had never been deauthorized as claimant’s treating physician. However, it was his policy to call the insurer “to get an okay to treat” when a significant period had passed between visits. Although Dr. Stephens told the adjuster that he felt that claimant’s injury “was a recurrence of’ the November 1987 injury, the adjuster told him “not to treat” claimant.
The judge of compensation claims found that claimant’s March 1989 injury and resulting treatment were not related to the November 1987 accident and resulting injury. However, the undisputed evidence, medical and otherwise, establishes that the March 1989 injury ivas related to the November 1987 accident and resulting injury. Accordingly, the finding of the judge of compensation claims to the contrary is not supported by competent, substantial evidence.
The judge of compensation claims also found that the servicing agent expressly denied authorization for Dr. Stephens to treat claimant in March 1989. While the evidence appears to support such a finding, the finding is legally irrelevant. The undisputed evidence establishes that Dr. Stephens had been authorized to treat claimant for the injuries resulting from the November 1987 accident, and that Dr. Stephens had never been properly deauthorized in compliance with section 440.13(2)(a), Florida Statutes (1987). We have held repeatedly that a physician may not be deauthorized without either the claimant’s prior agreement or approval by the judge of compensation claims, neither of which occurred here. E.g., Fuentes v. Caribbean Electric, 596 So.2d 1228 (Fla. 1st DCA 1992); Wolk v. Jaylen Homes, Inc., 593 So.2d 1058 (Fla. 1st DCA 1992); Stuckey v. Eagle Pest Control Co., 531 So.2d 350 (Fla. 1st DCA 1988). The March 1989 treatment by Dr. Stephens occurred less than two years after the November 1987 accident. “An employee is not obligated to obtain further authorization for treatment by an authorized physician within the two year limitations period.” McNeilly v. Farm Stores, Inc., 553 So.2d 1279, 1280 (Fla. 1st DCA 1989). Moreover, the fact that claimant had been released by Dr. Stephens in January 1988 as having reached maximum medical improvement did not require that further authorization be obtained for the March 1989 treatment. Seamco Laboratories, Inc. v. Pearson, 424 So.2d 898 (Fla. 1st DCA 1982).
Because the undisputed evidence establishes that claimant received remedial attention from an authorized physician for an injury related to the November 1987 accident and resulting injury less than two years before he filed his claim on April 9, 1990, the statute of limitations is not a bar to that claim. § 440.-19(1), Fla.Stat. (1987). It was error for the judge of compensation claims to hold otherwise. Accordingly, the order of the judge of compensation claims is reversed, and the *102 case is remanded with directions that a hearing be held on the merits of the claim.
REVERSED and REMANDED, with directions.
JOANOS and KAHN, JJ., concur.