SMITH, Senior Judge.
The employer/carrier appeal a workers’ compensation order awarding medical benefits, contending that the claim was barred by the statute of limitations in that no medical care had been furnished and no compensation had been paid by the E/C to the claimant within more than two years before the filing of the claim. The judge of compensation claims found that because the claimant was being treated by an authorized physician within the two-year period the claim was not barred by the statute of limitations. We agree and affirm.
The claimant suffered an injury in October, 1985, which was accepted as compensa-ble by his employer, who paid for claimant’s surgical care and a back brace still being worn by the claimant. The parties reached a settlement as to monetary compensation benefits in December, 1987. During his postoperative treatment, he received authorization for a change in physicians from the employer’s carrier several times. He finally selected Dr. James Shea, and was given authorization for treatment by Dr. Shea. The E/C have stipulated that Dr. Shea was authorized to provide treatment to the claimant for his compensable injury at all times material to this claim.
On April 18,1988, prior to beginning treatment with Dr. Shea, the claimant was involved in a non-eompensable automobile accident. However, Dr. Shea’s initial intake form completed on August 30, 1989 indicated that the claimant’s condition for which he was being treated was related to his October, 1985 compensable injury. Dr. Shea treated the claimant for injuries sustained in his industrial accident, and was paid by the claimant’s automobile insurance carrier, American States Insurance, from the proceeds of a settlement related to the accident. The last payment made to Dr. Shea by the employer’s former workers’ compensation carrier was on May 29, 1990, in payment for services rendered on August 30, September 26, and October 30, 1989, and January 23, 1990. The claimant continued his treatment with Dr. Shea, seeing him at least once every year since August, 1989. Dr. Shea testified that his care and treatment of the claimant during that period was related to injuries suffered in the 1985 industrial accident. Evidence was received in behalf of the employer that neither the employer, nor its former or current carrier received any communication or reports from Dr. Shea or any other health care provider subsequent to January 23, 1990. The evidence established also that the claimant had made no contact with either the employer or its carrier within two years prior to filing of his claim on April 29, 1993. After a hearing, the JCC rendered an order awarding the payment of Dr. Shea’s medical bills, other medical bills, fees, costs, interest and penalties, and ordered the continuing authorization of Dr. Shea. This appeal followed.
On appeal, the E/C maintain that in order for the provision of remedial medical treatment to toll the running of the statute of limitations, the E/C must have actual knowledge of the continued receipt of medical care by an authorized physician. Accordingly, the E/C argue, since the uncontroverted evidence in this case establishes that the E/C had no knowledge that any care was being received *608 by the claimant during the two-year period in question, the JCC erred in denying the statute of limitations defense.
The claimant contends, on the other hand, that the JCC did not err in finding that the statute of limitations had been tolled due to the furnishing of remedial treatment by Dr. Shea within the two-year period. The claimant notes the E/C’s agreement, as observed by the JCC in his order, that at all times material to this action Dr. Shea was an authorized physician. Furthermore, the claimant urges, the record establishes that the claimant visited Dr. Shea and received remedial care and treatment for his industrial injuries within the two-year period. Finally, the claimant asserts, there is no requirement that the E/C must have actual knowledge of the continued receipt of remedial care by an authorized physician in order to toll the statute.
We find, as did the judge of compensation claims, that this case is controlled by this court’s decisions in McNeilly v. Farm Stores, Inc., 553 So.2d 1279 (Fla. 1st DCA 1989), and Seamco Laboratories, Inc. v. Pearson, 424 So.2d 898 (Fla. 1st DCA 1982). In Seamco, we held that treatment by an authorized physician within the two-year period was sufficient to toll the running of the statute even though the doctor did not submit a bill or a report to the E/C within the two-year period. “It is the remedial treatment that tolls the statute, not the report of the treatment.” Id. at 900. Again in McNeilly, we held that the significant event is the rendition of remedial treatment before the expiration of the two-year period, and not the payment of the bill for such treatment. There we found that the JCC reversibly erred in denying the claim based upon his findings that the E/C had not furnished the medical treatment in that the claimant had not sought further authorization for his return to a previously authorized physician, and that the claimant had paid for the visit himself.
The E/C contend, notwithstanding the holdings of McNeilly and Seamco, that in Lee v. City of Jacksonville, 616 So.2d 37 (Fla.1993), the Florida Supreme Court changed the law by creating an additional requirement of actual knowledge. We disagree. The certified question addressed in Lee concerned the tolling effect of a claimant’s continuing use of a medical device. It is clear from the court’s discussion and citation of eases in rendering the Lee decision, that the requirement of “actual knowledge” is limited to the type of remedial treatment under consideration, that is, the claimant’s continuing use of a medical device.
In Lee, claimant’s physician had prescribed a TENS Unit. One of claimant’s treating physicians testified that TENS Units are generally prescribed for a period of three to six months, as they can cause skin irritations and dependency. Lee did not see any of his physicians for nearly three years, and they did not inquire about or supervise his use of the unit. During that time, Lee continued to use the unit on a regular basis. Also during that time, he purchased or borrowed batteries and necessary parts. This court affirmed a decision by the JCC concluding that the limitations period was not tolled by Lee’s unauthorized use of the TENS Unit. Addressing the issue on a certified question from this court, the Supreme Court pointed out that in contrast to the claimant in Fuster v. Eastern Airlines, Inc., 545 So.2d 268 (Fla. 1st DCA 1988), neither Lee’s employer nor his treating physicians knew of his continued use of the TENS Unit. The Lee court concluded, therefore, that “[i]n order for treatment to be ‘furnished by the employer,’ the employer or carrier must have actual knowledge that the claimant is receiving remedial treatment.” 616 So.2d at 38. Citing Taylor v. Metropolitan Dade County, 596 So.2d 798 (Fla. 1st DCA 1992) (order reversed for findings as to whether the employer had actual knowledge of the claimant’s continued use of a back brace), and Devilling v. Rimes, Inc., 591 So.2d 304 (Fla. 1st DCA 1991) (claimant’s use of prescribed shoe inserts and cane would not toll the statute where there was no showing that the employer knew of the use), the court held that Lee’s claim was correctly denied, pointing out that although the employer was aware that the TENS Unit had been prescribed in 1984, “Lee did not visit his physician for over two years and had no further contact with his employer or his physician regarding the use of the TENS Unit.” *609 Lee at-39. From our reading of the court’s Lee opinion, we are of the view that it did not change the law as established in our McNeilly and Seamco decisions.
The E/C also contend that medical care was not “furnished” by the E/C, because of Dr. Shea’s actions in billing the claimants PIP insurance carrier. There is no merit to this contention. Competent substantial evidence in the record supports the JCC’s finding that within the applicable two-year period Dr. Shea was furnishing medical care and treatment to the claimant for injuries sustained as a result of his 1985 industrial accident. We note that it is the physician’s duty to properly bill for treatment of compensable injuries, and to furnish reports to the E/C. Section 440.13(2)(d), Florida Statutes. This responsibility cannot be shifted to the claimant. We reiterate, as we held in McNeilly and Seamco, that it is the furnishing of the treatment, not the billing or reporting, that tolls the statute.
The order appealed is therefore AFFIRMED.
BARFIELD and ALLEN, JJ., concur.