ALLEN, Judge.
The employer/carrier appeal a workers’ compensation order by which the judge awarded payment for medical care. We conclude that the claim should have been denied because it was untimely under section 440.19(l)(b), Florida Statutes (1983).
The claimant sustained a compensable injury in 1984, and medical care was authorized with Dr. Csenscitz. Indemnity benefits were settled in 1989, and the last payment for medical treatment was made in November 1991. The claimant returned to Dr. Csen-scitz in March 1994, and sought payment for this visit by a claim filed in January 1995. The employer/carrier interposed a statute of limitations defense under section 440.19(l)(b), asserting that they had not paid compensation or furnished medical care within the preceding two years.
As it pertains in the circumstances of this case, section 440.19(l)(b) bars medical claims unless filed within two years after the last payment of compensation, or the last medical care “furnished by the employer.” Relying on McNeilly v. Farm Stores, 553 So.2d 1279 (Fla. 1st DCA 1989), the judge ruled that the claimant’s 1994 office visit with Dr. Csenscitz was medical care furnished by the employer because Dr. Csenscitz had previously been authorized and was never deauthorized. But unlike the present case, McNeilly involved care within the two year limitations period, which the court noted in stating that a claimant is “not obligated to obtain further authorization for treatment by an authorized physician within the two year limitations period.” See also Seamco Laboratories, Inc. v. Pearson, 424 So.2d 898 (Fla. 1st DCA 1982).
The limitations period had expired in the present ease before the claimant returned to Dr. Csenscitz in 1994, and the record does not suggest that the employer/carrier accepted responsibility for this care. Such care was thus not furnished by the employer, and the claim should have been denied as untimely under section 440.19(l)(b). The appealed order is therefore reversed.
BARFIELD and DAVIS, JJ., concur.