696 So.2d 923 (1997)
Joal WIEDERHOLD, Appellant,
v.
John P. WIEDERHOLD, Appellee.
No. 96-1548.
District Court of Appeal of Florida, Fourth District.
July 9, 1997.
John D. Boykin of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellant.
Joel M. Weissman and Stephanie A. Russo of Weissman, Manoff & Yaffa, P.A., West Palm Beach, for appellee.
PER CURIAM.
Following our decision in Wiederhold v. Wiederhold, 655 So.2d 218 (Fla. 4th DCA 1995), the trial court made an award of attorney's fees and costs. On remand, the trial court did not award prejudgment interest on its ultimate award of attorney's fees for the wife as required by Quality Engineered Installation, *924 Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996). Accordingly, we reverse and remand with direction to award same from the date on which the trial court signed the order determining the wife was entitled to reasonable fees based upon the husband's substantially greater earning capacity.
Further, in its award of costs to the wife, the trial court awarded only $5,000 for the expert witness fee of the wife's accountant, whose bill totaled $20,702. We remand for the trial court to reconsider the amount of this award based on the discussion below.
Both the accountant and the wife's attorney offered unrebutted testimony regarding the services rendered by the wife's accountant. In addition to valuing the husband's law practice and investments, the accountant's services included identifying the income, assets, liabilities, and standard of living of the parties. The accountant's services related to the trial issues of alimony, child support and equitable distribution. The accountant testified at trial and produced a 115 page exhibit which documented his findings. Both the accountant and the wife's attorney testified that the services rendered by the wife's accountant were necessary in this case, which involved an acrimonious dissolution. The accountant and the wife's attorney were the only witnesses to testify as to the necessity of the accountant's services.
In awarding only $5,000 for the accountant's fee, the court explained:
The Husband is in a better position financially to pay than the wife and therefore, he should pay a portion of her reasonable costs. However, she spent a great deal of money having an accountant do work which the Court finds was unnecessary. The husband was a partner in an insurance defense firm. He works by the hour. Everything you need to know about his income and assets are reflected on his income tax returns, bank statements and brokerage account records. Frankly it is difficult to see how anyone could spend more than a day analyzing his financial picture.

(Emphasis added). Thus, the trial court rejected the unrebutted testimony of the accountant and the wife's attorney that the services rendered by the accountant were necessary.
We appreciate the trial court's skepticism, given examples of excessiveness or overwork in other family law cases. See Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). Moreover, as this court explained in Gordon v. Smith, 615 So.2d 843 (Fla. 4th DCA 1993), approved on other grounds by Russenberger v. Russenberger, 639 So.2d 963 (Fla.1994):
It is axiomatic that a finder of fact may judge the persuasiveness and credibility of an expert's testimony and apply his own knowledge and experience when weighing opinion evidence.... When that expert has been hired and called to testify by one of the adversaries to a contested proceeding, there is nothing unreasonable or improper with the fact finder declining to accept the testimony of such an expert.
Gordon, 615 So.2d at 844 (citation omitted). Nevertheless, while the trial court can reject unrebutted expert testimony, it must offer a reasonable explanation for doing so. See Fuentes v. Caribbean Elec., 596 So.2d 1228 (Fla. 1st DCA 1992). In other words, the trial court as fact-finder cannot arbitrarily reject unrebutted expert testimony. See, e.g., The Fla. Bar v. Clement, 662 So.2d 690, 696 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1829, 134 L.Ed.2d 933 (1996); Republic Nat'l Bank of Miami, N.A. v. Roca, 534 So.2d 736, 736 (Fla. 3d DCA 1988).
Although we commend the trial court's efforts to reduce fees and costs by analyzing the necessity of the work performed, some of the trial court's comments, as underscored above, suggest to us that it unjustifiably oversimplified the husband's financial picture. The testimony at the hearing on fees and costs reflected that this was an extremely acrimonious dissolution and that the accountant spent a substantial amount of time helping counsel prepare motions in an effort to obtain documents relating to the valuation of the husband's law firm. We are not satisfied from the trial court's explanation that he gave adequate consideration to these facts.
*925 We agree with Judge Farmer's comments, and, if the issue here had involved attorney's fees rather than accountant's fees, we probably would have found the trial court's explanation for rejecting the expert testimony sufficient. A trial judge can conclude, based on his or her familiarity with dissolution cases, that a particular case does not need a $350 an hour lawyer or has been over-lawyered. Here, however, where this accountant had to spend many hours behind the scenes evaluating a law firm, we have concluded that more of an explanation is necessary in order to make sure that he did not get short changed. Thus, while we conclude that it was within the trial court's discretion to find that a portion of the accountant's work was not necessary, we nonetheless remand for the trial court to provide a better explanation based upon a more realistic representation of the husband's financial situation.
In Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993), we reversed an attorney's fee award in a dissolution case because the court had required the paying spouse to compensate two high-priced lawyers, which we found to be unnecessary. Although we are reversing in the present case, we want to encourage, not discourage, what this trial judge was attempting to accomplish, which was consistent with the concerns we expressed in Tomaino:
Getting divorced is a very costly proposition in Florida. Attorney's fees seem to rise astronomically. If the parties have assets to fight about, attorneys fees of $50,000 to $200,000 are not unusual. We have warned before about the excesses in this area. See Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
This problem of escalating litigation and fees has to be solved. There must be an incentive on both parties to economize on legal fees and costs if the cost of divorce is to be controlled. There may be ways of limiting discovery, using court-appointed experts to review financial information rather than having each party hire their own, or allocating the sum total of reasonable fees of both parties between the litigants on some proportional basis so that each shares at least some responsibility for fees in the ultimate award. The Bench, Bar and the legislature need to do some serious thinking about solutions to preserve the validity and integrity of the system. Otherwise, it will fall by its own costly weight.
Id. at 875-76.
GLICKSTEIN and KLEIN, JJ., concur.
FARMER, J., concurs in part and dissents in part with opinion.
FARMER, Judge, concurring in part and dissenting in part.
I concur in the reversal as to attorney's fees because the supreme court's decision in Quality Engineered Installation Inc. v. Higley South Inc., 670 So.2d 929 (Fla.1996), regarding pre-judgment interest on attorney's fees awards, was intended to apply to awards of fees under section 61.16, Florida Statutes (1995).
I dissent, however, from the reversal of the cost award for the accountant's fee. In my opinion, a trial judge is free to reject an expert witness's testimony as to the amount of attorney's fees and costs, or even the necessity for such costs and fees, for the same reason that a jury can reject the testimony of an expert witness.
In a jury case, the trial judge instructs jurors at the end of the evidence as follows:
"You have heard opinion testimony from a person referred to as an expert witness. You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case."
Fla.Std.Jury Instr. (Civil) 2.2 b. I do not believe that trial judges are forbidden to do what jurors can plainly dosimply reject an expert's testimony in whole without articulating any reasonat least where the subject is the amount of costs or fees.
It seems to me that the trial judge is in a unique position when the subject is the amount or necessity for costs and fees. The judge has presided over the case and can be expected to be very familiar with what issues *926 were truly meaningful and whether any particular legal services or costs reasonably played a role in the final decision. I would especially leave to their informed discretion the amount and necessity for costs and fees, no matter what the experts say. I find no abuse of that discretion in this instance.