763 So.2d 1186 (2000)
SOUTHPOINTE HOMEOWNERS ASSOCIATION, INC., a Florida not-for-profit corporation, Appellant,
v.
Stephanie SEGARRA, Appellee.
No. 99-0608.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
Deborah S. Sugarman of the Law Offices of Kaye & Roger, P.A., Fort Lauderdale, for appellant.
No appearance for appellee.
KLEIN, J.
This dispute between a homeowners' association and a homeowner, which arose over a $294 arrearage for maintenance and dues, was ultimately settled, with the agreement that the court would determine attorney's fees and costs. Counsel for the association sought $4,645.50 in attorney's fees and $689.39 in costs. The court awarded only $785 for attorney's fees and $133.50 for costs, which the association appeals. We affirm.
At the hearing on attorney's fees and costs, the homeowner testified about her efforts to ascertain the exact amount she owed so she could pay it, and the difficulties she encountered with the association's law firm in obtaining that information. The trial court observed that the association had been "a little quick" to file suit, and that it thought the amount of fees claimed over a $294 disagreement was outrageous. The law firm had sought 29.4 hours, some of which were for paralegal time, but most of which were for lawyer's time. The court awarded three hours for lawyer time and two hours for paralegal time. The court also disallowed the costs *1187 for a title search, as well as for filing the complaint, service of process and mediation.
In Ziontz v. Ocean Trail Unit Owners Ass'n, Inc., 663 So.2d 1334 (Fla. 4th DCA 1993), the trial court had awarded $60,000 attorney's fees to foreclose a $100 assessment by a condo association against an owner. In that case, the owner had never attempted to pay, but was rather litigating the validity of the assessment as a matter of principle. We reversed the award, concluding that the amount was unreasonable, finding that "the award of more than $60,000 in attorney's fees to foreclose a $100 lien is simply against the `manifest justice of the cause.' Miller v. First American Bank & Trust, 607 So.2d 483 (Fla. 4th DCA 1992)." Id. at 1337.
The association in the present case has a substantially weaker argument than the association did in Ziontz, because in the present case the owner was attempting to pay, not litigate, and the trial court found in this case, unlike the trial court in Ziontz, that the fees sought were unreasonable. We find no abuse of discretion in the court's finding that the owner was sincere in her efforts to settle, and that the association was too quick to file suit. This would justify the trial court's refusal to award more attorney's fees or the costs necessitated by the filing of the law suit.
We have not overlooked the association's argument that the homeowner did not have an expert testify as to what a reasonable attorney's fee would have been. Trial judges, however, are not bound by unrebutted expert testimony. Wiederhold v. Wiederhold, 696 So.2d 923 (Fla. 4th DCA 1997). They can, based on their own familiarity with the type of litigation involved, determine that some of the work was unnecessary. Id. at 925. We therefore affirm.
FARMER and HAZOURI, JJ., concur.