KLEIN, J.
We withdraw our opinion which was filed on January 26, 2000 and substitute the following opinion in its place.
Appellant prevailed in a proceeding involving child support but appeals an order awarding her expert CPA $3,500, where the unrebutted testimony showed that the CPA had performed 250 hours of work. We reverse.
The trial court, after hearing evidence on appellant’s motion for attorneys and expert witness fees, found that the discovery initiated by appellant “was far from commensurate with the amount in controversy as well as the nature and extent of the assets and liabilities of the father.” After noting that appellant’s CPA was seeking $25,844.13 for 252.75 hours of *193 work, the court awarded the CPA $3,500, finding that the services were “for the most part unnecessary to identify Respondent’s income, assets, liabilities and valuation of his business interest.” The court awarded appellant’s counsel $43,000 for attorney’s fees.
This court has previously expressed concern with excessive attorney’s fees and costs in family law cases. See Wiederhold v. Wiederhold, 696 So.2d 923 (Fla. 4th DCA 1997) and cases cited. We have authorized trial courts to reduce fees to both counsel and. expert witnesses, even where the evidence supporting their claims for fees is unrefuted, when the court finds the work was unnecessary. Id. at 925. In the present case, however, the reduction from 250 hours to 35 hours was an abuse of discretion.
In 1996, when appellant was seeking child support for her first child, the court found that the father had a net monthly income, after taxes, of $6,000. When appellant sought additional child support for her second child fathered by appellant, he filed an affidavit in 1997 reflecting that his net monthly income was $1,093. The father claimed that his reduction in income resulted from his uncontested divorce in which he transferred his successful businesses and the real estate in which some of those businesses operated, to his wife, with whom he continued to live. He continued to operate the businesses, but all the money went to his former wife.
The special master found that the father was not credible, that he had been manipulating his income in regard to his business and personal expenses, and that he was in the same financial position as he was in 1996. In order to demonstrate that, however, the wife’s CPA had to examine the records of six different Tai Kwon Do studios operated by the father, either individually or through three corporations. The instructors in the various studios were being paid by one corporation, which would then bill other corporations for those services and presumably be reimbursed. In addition, the father was paying personal expenses out of the various corporate entities.
The father stated in his financial affidavit that one of the corporations had a fair market value of $989, notwithstanding that it had a six figure cash flow. In order to determine the fair market value the CPA spent a substantial amount of time ascertaining the fair market value of similar businesses.
Appellant supported the testimony of her CPA with the testimony of another CPA who testified that she was familiar with accounting fees under these circumstances and that the CPA’s fees were reasonable. The father did not rebut this testimony or demonstrate through cross-examination that any of the work was unnecessary. If the trial court had, as a result of concluding that some of the work of the CPA was unnecessary, made a reasonable reduction, we would have affirmed. The amount awarded, however, was an abuse of discretion, particularly when the court gave as a reason that the case was over-litigated, yet awarded appellant’s lawyer $43,000. Reversed.
GUNTHER and FARMER, JJ., concur.