SHAHOOD, J.,
The trial court in this dissolution action awarded fees to former wife and entered a money judgment in her favor. Thereafter, the court refused to establish a reasonable payment plan despite the former wife’s many requests and the former husband’s refusal to pay. This was error.
Thus, we reverse that portion of the order denying the former wife’s request to establish a reasonable payment plan, and remand for an evidentiary hearing to determine the former husband’s financial sit *979 uation and establish a payment plan with respect to all fee awards, except the first in the amount of $7,500.00.[1] See generally Brown v. Smith, 705 So.2d 682 (Fla. 4th DCA 1998).
We also hold that the former wife is entitled to prejudgment interest on the fee award. See Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So.2d 929 (Fla.1996); see also Wiederhold v. Wiederhold, 696 So.2d 923, 924 (Fla. 4th DCA 1997). Interest is to be calculated from the date of the Final Judgment of Dissolution, which is the date the trial court determined entitlement. Wiederhold, 696 So.2d at 924; see also Sumlar v. Sumlar, 827 So.2d 1079 (Fla. 1st DCA 2002)(the general rule is that interest becomes due and owing when the obligation is created).
REVERSED AND REMANDED.
GROSS, J., and MAASS, ELIZABETH, T., Associate Judge, concur.

. With respect to the first fee award of $7,500.00, the issue of a reasonable payment plan is barred by the doctrine of res judicata.