# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5375
_____

GLENN CHARLES DORSEY, II,
Former Husband,

Appellant/Cross-Appellee,

v.

PAULA RAE DORSEY, Former
Wife,

Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.

April 3, 2019

BILBREY, J.

Former Husband appeals the final judgment of dissolution of marriage and Former Wife cross-appeals. Both parties challenge various aspects of the equitable distribution, alimony, child support, and attorneys' fees ordered by the trial court. Upon review of the judgment as a whole to determine whether the trial court abused its discretion, as required by *Hamlet v. Hamlet*, 583 So. 2d 654 (Fla. 1991), and *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980), and given the partial concessions of error by each party, the final judgment is affirmed in part and reversed in part as set forth below.

**Background.** During their long-term marriage of 23 years, the parties had two children. They acquired substantial assets which, at the time of the final hearing, included seven residential properties, several vehicles, three businesses (one of which owned an airplane), and numerous cash accounts. The children attended private school, and Former Wife worked only sporadically and temporarily during the marriage, expending most of her efforts on unpaid work such as child-rearing and household management. Former Wife's most recent employment consisted of part-time clerical and administrative work for one of the marital businesses managed by Former Husband.

After the two-day final hearing and two post-hearing conferences to discuss the court's anticipated rulings, the court issued the final judgment now on appeal. The court distributed to Former Husband the three businesses and associated debt, three of the residential properties, six vehicles, and a trailer. The distribution to Former Wife included two residences, the proceeds from the sale of two other properties, a vehicle, her jewelry, and several cash accounts. The court also ordered an equalization payment from Former Husband to Former Wife which is not challenged on appeal.

In addition to distributing the parties' assets and liabilities, the trial court awarded $2,000.00 per month permanent periodic alimony to Former Wife and child support based on a child support guidelines worksheet attached as an exhibit to the final judgment. The court directed Former Husband to continue to pay for the older child's private school unless the parties agreed to discontinue such attendance. The court left the decision on schooling for the younger child to the parents, acknowledging Former Husband's concerns about his ongoing financial abilities. Finally, the court directed Former Husband to pay half of Former Wife's requested attorney's fees and costs, reserving jurisdiction on the method of payment.

Both parties filed a motion for rehearing which was denied by the trial court. The issues addressed below are therefore preserved for our review. *See Owens v. Owens*, 973 So. 2d 1169 (Fla. 1st DCA 2007).

2

**Equitable Distribution**. The equality of the overall equitable distribution scheme was not challenged on appeal or cross-appeal. *See* § 61.075(1), Fla. Stat. (2017) ("court must begin with premise that distribution should be equal"). Instead, each party challenges certain individual distributions of assets and debts within the whole.

Former Husband argues that the trial court abused its discretion by finding one of the residential properties, a condominium, to be a marital asset. Former Husband also argues that even if the condominium was marital property the trial court reversibly erred in its valuation. Former Husband also challenges the court's allocation of debts to two of the businesses distributed to him. Former Wife cross-appeals the equal distribution of the parties' income tax liabilities up to 2015 and division of the proceeds from the sale of the business airplane.

Without asserting that these challenged aspects of the equitable distribution scheme make the overall apportionment unequal, both parties invite piecemeal review of the trial court's distribution scheme. This court is prohibited from engaging in a piecemeal approach and may reverse only upon a showing that "the judgment entered by the trial court, when taken as a whole, constituted an abuse of the trial court's discretion." *Hamlet*, 583 So. 2d at 657. The trial court's application of the various remedies to "do equity between the parties" must be "reviewed by appellate courts as a whole, rather than independently." *Canakaris*, 382 So. 2d at 1202. Using this standard, no error has been shown in the trial court's overall equitable distribution scheme.

Even if we were to consider the parties' piecemeal complaints, they do not have merit. Former Husband admitted at trial that he purchased the subject condominium five days before Former Wife filed her petition for dissolution. Section 61.075(7), Florida Statutes (2017), sets the filing date as a valid cut-off date for determining an asset's marital character. The trial court's valuation of the condo as of this cut-off date was within the court's discretion. *Id.* As for the trial court's allocation of the $92,708 debt "associated with the condo" to one

of the businesses distributed to Former Husband, Glenn Dorsey, Inc. (GDI), rather than reducing the value of the condo by that amount, the court explained in the final judgment that the debt was incurred by Former Husband through "cross collateralization with the business accounts" which the court considered "with the value of the business."

Similarly, former Husband failed to establish an abuse of the trial court's discretion in the distribution of $87,500 as business debt "associated with" the second business distributed to Former Husband, Collins Mill Creek, LLC. Even if this distribution of debt rendered the equitable distribution scheme unequal — which Former Husband did not assert, and we do not find apparent from this record — such unequal distribution is authorized by section 61.075(1)(g), Florida Statutes. Where one spouse incurred a business debt, and the other spouse was not actively involved in the business, distribution of that debt to the managing spouse is within the trial court's discretion. *See Cardella-Navarro v. Navarro*, 992 So. 2d 856 (Fla. 3d DCA 2008).

Former Wife's cross-appeal of two parts of the equitable distribution scheme also lacks merit. The trial court's equal distribution of the parties' income tax liabilities through the year 2015 comports with the presumption of equal distribution of liabilities as provided in section 61.075(1). While the trial court could have unequally distributed this liability if it found any of the factors that justify such unequal distribution under the statute, Former Wife fails to establish any unreasonableness in the court's equal distribution. Likewise, Former Wife fails to establish that the trial court abused its discretion by directing the equal division of the proceeds from the sale of the business airplane — after subtraction of the hangar fees paid by Former Husband as a cost of the sale. Former Wife's disagreement with the court's subtraction of the costs of sale from the proceeds of the sale, which results in reimbursement to Former Husband for an expense he paid, does not render the court's direction unreasonable.

**Alimony**. Both parties appeal the trial court's alimony award in the final judgment, but we find no error. Former Husband argues that the trial court abused its discretion by

4

imputing only minimum wage income of $1,395 per month to Former Wife. He bases his position on Former Wife's income of $2,334 per month when she worked for him at GDI at some point during the marriage. Considering that this business was distributed to Former Husband in the final judgment and considering the uncontroverted evidence at trial that Former Wife's employment in this family business was temporary and sporadic, no abuse of the trial court's discretion by imputing only minimum-wage income is established. *See* § 61.08(2)(e), Fla. Stat. (2017) (providing that relevant factors to consider in setting alimony include "earning capacities, education levels, vocational skills, and employability of the parties").

Former Wife challenges the trial court's award of $2,000.00 per month in permanent periodic alimony as inadequate to meet her needs as established during the marriage and far below Former Husband's ability to pay. She argues that this award "shortchanges" her, such that the court abused its discretion. *See Marcoux. v. Marcoux*, 464 So. 2d 542, 544 (Fla. 1985) (claim that former spouse "shortchanged" in dissolution action is "another way of saying that a trial court has acted unreasonably and thereby abused its discretion"). However, Former Wife's general assertion that the alimony award is inadequate fails to establish unreasonableness amounting to an abuse of discretion in the overall financial settlement of the marital assets, alimony, and child support. *Cf. Juchnowicz v. Juchnowicz*, 157 So. 3d 497 (Fla. 2d DCA 2015) (reversing where alimony award resulted in nearly $17,000 disparity between parties' monthly incomes); *Sussman v. Sussman*, 915 So. 2d 281 (Fla. 4th DCA 2005) (reversing $1,000 per month alimony award after 47-year marriage where former husband's income was four times former wife's income); *Crowley v. Crowley*, 672 So. 2d 597 (Fla. 1st DCA 1996) (reversing alimony award as insufficient to maintain marital standard of living where award would require former wife to sell marital home).

**Child Support**. The parties agree on appeal that the gross income figures used by the trial court on the child support guidelines worksheet, attached as an exhibit to the final

judgment, were incorrect.* The parties also agree that equal allocation of the children's medical and dental expenses not covered by insurance violated section 61.30(8), Florida Statutes (2017). *See Demmi v. Demmi*, 186 So. 3d 1144, 1144 (Fla. 1st DCA 2016) (holding that generally children's medical expenses not covered by insurance should be allocated "in the same percentage as the child support allocation") (citation omitted). Upon the parties' concessions of error, the portion of the final judgment using the incorrect figures in the worksheet to determine child support obligations and the percentage of each party's responsibility for uncovered medical and dental expenses must be corrected on remand.

The portion of final judgment addressing private school as an aspect of child support is challenged by both parties. Former Husband asserts that the trial court abused its discretion by requiring him to continue to pay for private school for the older child and by failing to make a finding for the tuition rate on the worksheet. Former Wife argues that based on Former Husband's ability to pay and the living standard of the family during the marriage, the trial court abused its discretion by allowing Former Husband to discontinue paying private school tuition for the younger child and by giving Former Husband the option to discontinue the older child's tuition "[i]f the parties determine that it is not financially feasible or desirable to have either child in private school."

Under the parenting plan adopted in the final judgment, the parties enjoy shared parental responsibility for the minor children, including mutual decision-making authority on education matters. While Former Husband appeals the directive

---

* In his challenge to the child support calculations, Former Husband alludes to the trial court's imputing minimum-wage income to Former Wife in considering alimony. The imputation of income to Former Wife is addressed and affirmed above as it pertains to the alimony award. Given that a separate statute governs imputation of income for child support, we also affirm the trial court's imputation of income to the Former Wife in calculating child support. *See* § 61.30(2)(b), Fla. Stat. (2017).

6

that the older child remain in private school, paragraph 9 of the final judgment reiterates the decision-making power of the parents by providing for agreement of the parties to send the younger child to private school or to determine that it is not financially feasible to "have either child in private school." No abuse of discretion is shown in these directives. Because the child support figures must be remanded for recalculation based on an accurate child support guidelines worksheet, any error in reporting tuition payments made or agreed to by either party as a factor of child support may also be corrected.

**Temporary Support.** Prior to the final judgment, the trial court awarded undifferentiated temporary support. In the final hearing the trial court refused the Former Husband's request to differentiate the support and retroactively reduce the support.

As to Former Husband's appeal of the trial court's denial of his request to "delineate for tax purposes a portion of the undifferentiated support as alimony and a portion as child support," Former Wife concedes error. Pursuant to *Nilsen v. Nilsen*, 63 So. 3d 850 (Fla. 1st DCA 2011), the trial court's denial of such delineation of the $5,300 per month undifferentiated support must be reversed and remanded for such delineation to ensure that the child support award comports with the child support guidelines in effect at the time of the temporary order. However, the trial court's refusal to retroactively reduce the support was within the trial court's discretion and is affirmed.

**Life Insurance to Secure Support**. Former Husband's appeal of the trial court's requirement that he maintain life insurance to guarantee the support awards is well-taken. The trial court ordered Former Husband to maintain a policy with a $750,000.00 benefit for as long as he was obligated to pay "any of the three recipients." Former Husband correctly points out that the life insurance requirement in the final judgment lacks any findings as to availability, cost, Former Husband's ability to pay, and any special circumstances warranting the security. Accordingly, this part of the final judgment must be reversed and remanded for further proceedings. *See Therriault v. Therriault*, 102 So. 3d 711 (Fla. 1st DCA 2012); *Kotlarz v. Kotlarz*, 21 So. 3d 892 (Fla. 1st DCA 2009).

**Attorneys' Fees.** Both parties appeal the portion of the final judgment finding that Former Wife had incurred $30,500 in attorneys' fees and costs and directing Former Husband to pay half this amount. Former Husband challenges the lack of factual findings on the reasonable number of attorney hours expended, a reasonable hourly rate, and the propriety of the costs incurred. Former Husband also challenges the lack of a determination of any financial disparity between the parties after consideration of the equitable distribution scheme and support awards. Former Wife counters that the financial affidavits of the parties demonstrate a vast financial disparity between the parties, as contemplated under section 61.16, Florida Statutes (2017). She argues that the trial court abused its discretion by not ordering Former Husband to pay all of her attorneys' fees and costs.

We reverse the award of attorneys' fees and cost for reconsideration of both parties' arguments. The final judgment does not indicate any basis for the trial court's directive requiring Former Husband to pay $15,250, amounting to half of Former Wife's unpaid attorneys' fees and costs. An award of fees and costs under section 61.16 must include specific findings of fact to support and explain the ruling. *See Glasgow v. Wolfe*, 873 So. 2d 483 (Fla. 1st DCA 2004); *see also Street v. Street*, 198 So. 3d 1160 (Fla. 1st DCA 2017). The absence of any such findings requires reversal of this part of the final judgment and a remand for specific findings of fact to support any directive for contribution. *See Brady v. Brady*, 229 So. 3d 892 (Fla. 5th DCA 2017).

**Conclusion.** In light of the foregoing, we reverse the provisions in the final judgment that: 1) award child support based on the erroneous gross incomes reflected on the guidelines worksheet; 2) equally divide the uncovered medical and dental expenses of the children, rather than divide them in the same percentages as the correct child support obligations; 3) deny retroactive delineation between alimony and child support of the $5,300 per month in undifferentiated support ordered in the temporary order for support; 4) require Former Husband to maintain life insurance to secure his support obligations absent the required findings of fact; and 5) require Former Husband to pay (or to only pay) one-half of Former Wife's unpaid attorneys' fees and costs absent any finding of fact to support the award. In

8

all other respects, the final judgment is affirmed.  This cause is remanded for further proceedings and entry of corrections to the final judgment consistent with this opinion.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

ROWE and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Laura E. Keene of Beroset & Keene, Pensacola, for Appellant/Cross-Appellee.

Ross A. Keene, Pensacola, for Appellee/Cross-Appellant.