# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

No. 1D17-4580

———————————————

DOROTHEA C. FLEMING, Wife,

    Appellant/Cross-Appellee,

v.

JAMES L. FLEMING, Husband,
and TROPIC TRADITIONS, INC.,

    Appellees/Cross-Appellants.

———————————————

On appeal from the Circuit Court for Alachua County.
James P. Nilon, Judge.

August 29, 2019

PER CURIAM.

The former wife appeals, and the former husband cross-appeals, various orders and judgments entered by the trial court resulting from the dissolution of their twenty-nine-year marriage. The former wife raises six arguments on appeal, one of which we agree with in part.[*] For the reasons that follow, we reverse the

---

[*] We reject without further comment the former wife's arguments that the trial court erred in its valuation of the parties' nursery business and in classifying what she claims is a corporate liability as a marital liability, that her alimony award was inadequate, that the trial court erred in including in the equitable

Supplemental Final Judgment for Dissolution of Marriage ("dissolution judgment") in part and remand for further proceedings.

The former wife claims that the trial court abused its discretion in awarding her only $200,000 of her requested $360,837 attorney's fee. *See Kurtanovic v. Kurtanovic*, 248 So. 3d 247, 253 (Fla. 1st DCA 2018) (noting that the standard of review for an attorney's fee award is abuse of discretion). In awarding this amount, the trial court accepted the former husband's fee expert's testimony that the former wife's case could have been handled for no more than $200,000 and that there was a great deal of duplication in the services her attorneys performed on her behalf. However, the expert did not testify as to what specific hours spent by the former wife's attorneys should have been deducted for being duplicative or excessive. *See Centex-Rooney Constr. Co. v. Martin Cty*, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999) (holding that although a fee applicant has the burden of establishing its entitlement to an attorney's fee award, the opponent of the fee has the burden of pointing out with specificity what hours should be deducted). As we have explained, an attorney's fee award under section 61.16, Florida Statutes, must include specific findings of fact to support and explain the award. *Dorsey v. Dorsey*, 266 So. 3d 1282, 1289 (Fla. 1st DCA 2019). The absence of such findings requires reversal of the fee award and a remand for specific findings of fact to support the fee award. *Id.* Thus, we reverse the dissolution judgment as to the attorney's fee award and remand for the trial court to reconsider the issue in light of the record evidence before it. *See Southpointe Homeowners Ass'n v. Segarra*, 763 So. 2d 1186, 1187 (Fla. 4th DCA 2000) (noting that trial judges are not bound by unrebutted expert testimony in the context of awarding attorney's fees and can, based on their own familiarity with the type of litigation involved, determine that

---

distribution and distributing to her a portion of the proceeds expended during the litigation from the sale of the jointly owned 26th Place residence, and that the trial court erred in its valuation of the marital home and in refusing to order the former husband to share in the cost of what she claims was a latent defect in the home.

some of the work was unnecessary); *see also Puleo v. Morris*, 98 So. 3d 248, 250 (Fla. 2d DCA 2012) ("A trial court may reduce attorney's fees that it determines to be excessive if it makes the requisite findings to support that determination.").

Turning to the former husband's cross-appeal, we agree that the trial court failed to make the necessary findings when requiring the former husband to maintain a life insurance policy for the former wife's benefit. *See Kotlarz v. Kotlarz*, 21 So. 3d 892, 893 (Fla 1st DCA 2009) (explaining that in order to support a life insurance requirement, a trial court must "make specific evidentiary findings as to the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant such security" and noting that such circumstances include a spouse potentially being left in dire financial straits after the death of the obligor spouse due to age, ill health, and/or lack of employment skills, an obligor spouse in poor health, minors living at home, the supported spouse having limited earning capacity, or the obligor spouse being in arrears on support obligations); *see also Gotro v. Gotro*, 218 So. 3d 494, 498 (Fla. 1st DCA 2017) (reversing the order on appeal as to the life insurance requirement where the trial court failed to make any specific evidentiary findings as to the former husband's ability to pay and the special circumstances that warranted such security); *Therriault v. Therriault*, 102 So. 3d 711, 713 (Fla. 1st DCA 2012) (reversing the order on appeal as to the life insurance requirement where the trial court failed to include the required findings and remanding for further consideration). As such, we reverse the dissolution judgment as to the life insurance requirement and remand for the trial court to reconsider this issue. We find no merit in the other issues raised on cross-appeal.

In conclusion, we reverse as to the award of attorney's fees and the life insurance requirement and remand for further proceedings. We otherwise affirm.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

LEWIS, ROWE, and M.K. THOMAS, JJ., concur.

3

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

John N. Bogdanoff, Christopher V. Carlyle, and Earle W. Peterson, Jr., of The Carlyle Appellate Law Firm, Orlando, for Appellant/Cross-Appellee.

Cynthia Stump Swanson of Swanson Law Center, P.A., Gainesville for Appellee/Cross-Appellant James L. Fleming.